IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,227

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER MARINELLI,
*Appellant.*

SYLLABUS BY THE COURT

1.

An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, an appellate court must dismiss the appeal.

2.

Appellate courts have jurisdiction under K.S.A. 2017 Supp. 22-3602(a) to consider a direct appeal by a defendant who pleaded guilty or nolo contendere and challenges a district court's order that the defendant comply with the Kansas Offender Registration Act, K.S.A. 22-4901 et seq.

3.

Violent offenders are required to register under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. A "'[v]iolent offender'" includes any person who on or after July 1, 2006, is convicted of any person felony and the district court finds on the record that a deadly weapon was used when committing such person felony. K.S.A. 2017 Supp. 22-4902(e)(2).

1

4.

Under this case's facts, the district court's failure to inform the defendant on the record at the time of conviction about the procedure to register and the requirements of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., does not excuse the defendant's obligation to register. The error in complying with the statutory procedure was harmless.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 17, 2015. Appeal from Riley District Court; DAVID L. STUTZMAN, judge. Opinion filed April 13, 2018. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, argued the cause, and *Johnathan M. Grube*, of the same office, was with her on the briefs for appellant.

*Natalie A. Chalmers,* assistant solicitor general, argued the cause, and *Bethany C. Fields,* deputy county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: The Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., imposes registration requirements on an individual convicted of any person felony when the district court finds on the record that a deadly weapon was used in the crime's commission. The Act provides for the district court to make that deadly weapon finding and to inform the offender at the time of conviction about the need to register.

Christopher Marinelli pleaded no contest to aggravated assault with a deadly weapon. On appeal, the parties dispute whether the court made the necessary deadly weapon finding for registration but agree Marinelli was not informed of his duty to

2

register when convicted. He contends these procedural deviations void his registration obligation.

Before addressing the merits, we will consider whether we have appellate jurisdiction to decide if Marinelli's registration responsibilities are invalid. This question arises because this is a direct appeal in a criminal case, and K.S.A. 2017 Supp. 22-3602(a) limits the available grounds for appeal when a defendant has pleaded guilty or nolo contendere, as Marinelli did. In the KORA context, this is an issue of first impression for this court.

An appellate court has a duty to question jurisdiction on its own initiative. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). When the record discloses a lack of jurisdiction, an appellate court must dismiss the appeal. *Kaelter*, 301 Kan. at 247; see also *In re T.S.W.*, 294 Kan. 423, 432, 276 P.3d 133 (2012). We hold we have jurisdiction based on K.S.A. 2017 Supp. 22-3602(a) because Marinelli is not challenging on appeal his conviction.

On the merits, we affirm the district court's order that Marinelli comply with KORA. We hold the court made the requisite finding on the record in documents filed by the court, including a 2012 Kansas Sentencing Guidelines Journal Entry of Judgment. We conclude its failure to inform Marinelli about his registration obligations at the time of conviction was error in the court's fulfillment of the statutory procedure, but this does not excuse his registration duties. The error was harmless.

3

The State charged Marinelli with aggravated assault, alleging:

"[O]n the 3rd day of May, 2013, in Riley County, Kansas, Christopher Neil Marinelli did then and there unlawfully, feloniously, and knowingly place [victim] in reasonable apprehension of immediate bodily harm *with a deadly weapon, to wit: knife*." (Emphasis added.)

Marinelli pleaded no contest and executed two documents before entering that plea: (1) "Defendant's Acknowledgement of Rights and Entry of Plea" and (2) "Plea Agreement." The acknowledgement stated Marinelli was pleading to aggravated assault and described the penalty range. The parties further agreed to jointly recommend probation and "interstate compact" to California, where Marinelli lived. For unexplained reasons, the acknowledgement indicated he would not be subject to KORA registration.

At the plea hearing, the district court asked whether Marinelli read the acknowledgment and plea agreement and discussed them with his attorney. Marinelli confirmed he had and that the documents contained the entire agreement. The court read the charge. Marinelli said he understood and informed the court he wished to plead no contest. The State recited the factual basis for the plea: Marinelli was arguing with the victim when Marinelli head-butted the victim and swiped at him with a knife. Marinelli's counsel agreed the State would produce evidence at trial consistent with this account.

The court found Marinelli's plea was made knowingly, voluntarily, and intelligently after consulting with counsel and that the State presented sufficient evidence to support conviction. The court accepted the no contest plea and found Marinelli "guilty of the charge *in the Information*." (Emphasis added.) There was no mention of KORA or Marinelli's possible responsibilities under KORA resulting from his conviction.

At the sentencing hearing, the district court inquired whether there was any reason not to proceed. The prosecutor answered there was not but then raised the registration question: "Although, I did not mention the fact that the defendant has to register on this offense and I didn't see that that has occurred yet." Marinelli's counsel said he "may have some questions about the registration issue" but was not aware of legal cause not to proceed. The court sentenced Marinelli to 24 months' probation with an underlying 12-month prison term consistent with the plea agreement.

After a break, the State announced it had prepared a "Notice of Duty to Register." Marinelli objected, citing the KORA statute providing: "At the time of conviction or adjudication for an offense requiring registration . . . *the court shall . . . [i]nform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905 . . . .*" (Emphasis added.) K.S.A. 2012 Supp. 22-4904(a)(1)(A). Counsel argued Marinelli was not informed about it when convicted or in the two plea documents. Counsel also claimed there was no necessary finding on the record.

The district court asked why these problems would excuse registration, rather than simply being considered a procedural violation with the appropriate remedy being to request plea withdrawal. The State argued the lack of a specific deadly weapon finding was not crucial because that fact was an element of Marinelli's crime. The court ruled:

> "The court finds that the failure to accomplish [notification] at the time of conviction was a procedural error and that it does not excuse registration. That registration is required under [K.S.A.] 22-4902(e)(2). And that the inherent element of the offense . . . included reasonable apprehension of immediate bodily harm with a deadly weapon and not requiring a further finding. . . . *The Court will direct that registration be ordered, unless you wish to pursue the alternative of asking to withdraw [the] plea because of lack of knowledge of the registration requirement.*" (Emphasis added.)

5

Marinelli conferred with counsel and declined to seek plea withdrawal. The court acknowledged registration was "something that may not have figured into your plans at the time that you entered your plea" and asked Marinelli to confirm he did not wish to withdraw his plea, and he did.

The court and Marinelli both signed a "Notice of Duty to Register," which is part of the record on appeal. It recites:

> "You have been convicted or adjudicated of an offense requiring registration as provided by the Kansas Offender Registration Act (K.S.A. 22-4901 *et seq*). You have three business days to report to the registering law enforcement agency in the county or tribal land of the conviction or adjudication and to the registering law enforcement agency in any place where you reside, maintain employment, or attend school. You must complete the registration form with all information and any updated information required for registration as provided in K.S.A. 22-4907, and amendments thereto."

At the bottom of the Notice of Duty to Register and just above the judge's signature, the document sets out the date and states: "BY ORDER OF THE COURT."

The judge and counsel also executed a 2012 Kansas Sentencing Guidelines Journal Entry of Judgment form. It reflects a requirement that Marinelli register for 15 years from his conviction date. A box labeled "Yes" is checked next to the question, "Did offender, as determined by the Court, commit the current crime with a deadly weapon?" If yes, the form calls for an Offender Registration Supplement to be completed and attached. The Journal Entry further reflects a standard guidelines sentence was imposed with probation granted. And under a section entitled "Recap of Sentence," there is a "Miscellaneous Provisions" subsection, in which there is a checked box indicating "Defendant informed of duty to register as an offender pursuant to . . . K.S.A. 2011 Supp.

6

22-4905(b)(2)." The "OFFENDER REGISTRATION SUPPLEMENT" has a box checked reflecting the offender is required to register as a violent offender for "[a]ny conviction for any comparable person felony committed with a DEADLY WEAPON."

Marinelli filed this direct appeal in the criminal case. His notice of appeal recites he is challenging "all adverse rulings of the court," although only one aspect is in question—the district court's alleged deviations from KORA's statutory procedures.

A Court of Appeals panel affirmed. In doing so, the panel seemingly agreed with the technical failures Marinelli asserted, stating: "As discussed below, the trial court failed to comply with both K.S.A. 2012 Supp. 22-4904(a)(1)(A) and K.S.A. 2012 Supp. 22-4902(e)(2)." *State v. Marinelli*, No. 111,227, 2015 WL 1882134, at *2 (Kan. App. 2015) (unpublished opinion). The panel then focused on the court's duty to inform and held this misstep did not matter, explaining:

> "[T]he State contends that based on this court's holding in *State v. Simmons,* 50 Kan. App. 2d 448, 451, 329 P.3d 523 (2014), . . . that offender registration arises automatically by operation of law as a nonpunitive collateral consequence of the judgment, it does not matter that the trial court failed to inform Marinelli of offender registration at the time of his conviction.
>
> "The State is correct. In *Simmons,* our court held that offender registration is not part of a defendant's sentence. In reaching this holding, the *Simmons* court stated:
>
> 'Because an offender's statutory duty to register is imposed automatically by operation of law, without court intervention, as a collateral consequence of judgment with a stated objective of protecting public safety and not punishment, we necessarily conclude that the registration requirements—no matter when imposed—are not part of an offender's sentence.' 50 Kan. App. 2d at 451.

7

"Based on the *Simmons* holding, Marinelli's arguments fail." *Marinelli*, 2015 WL 1882134, at *2-3.

We granted Marinelli's petition for review to consider two questions. First, is Marinelli a "violent offender" as defined by K.S.A. 2012 Supp. 22-4902(e)(2)? And, second, if so, is he excused from KORA's registration requirement because the district court failed to comply with the statutory directive to notify him about it when convicted?

It should be noted that since granting his petition for review and hearing the parties' oral arguments, we have reviewed and decided *Simmons*. There, Simmons challenged her conviction for failure to register. The offense, for which she was obligated to register, had not carried registration requirements when she was sentenced for it. But the Legislature subsequently extended KORA requirements to it. Simmons argued the State's enforcement of the extended KORA requirements illegally modified her sentence. We took a different approach than the *Simmons* panel and limited the holding to the case's facts—without addressing whether offender registration arises automatically by operation of law and not as part of an offender's sentence. See *State v. Simmons*, 307 Kan. 38, 41, 405 P.3d 1190 (2017). We held, in pertinent part:

"The parties spend most of their energy arguing from our prior caselaw defining the legal contours of a criminal sentence. But we need not follow either the lead of the panel below or that of the parties to resolve Simmons' illegal sentence claim as a question of law. Rather, her claim fails more prosaically on factual grounds. Simply put, Simmons' 2005 criminal sentence has not been 'modified' because the obligation to register was imposed on her *after* she was sentenced by the district court. In a criminal proceeding, sentencing takes place when the trial court pronounces the sentence from the bench. [Citations omitted.]" 307 Kan. at 41.

8

Our holding in *Simmons* undermines the caselaw the *Marinelli* panel relied on in arriving at its decision. We will discuss that below.

Against this background, we determine first our jurisdiction to decide the KORA questions.

JURISDICTION

As mentioned, an appellate court has a duty to question jurisdiction on its own initiative. "Appellate courts have only such jurisdiction as is provided by law." *In re N.A.C.*, 299 Kan. 1100, 1106, 329 P.3d 458 (2014) (citing *Williams v. Lawton*, 288 Kan. 768, 778, 207 P.3d 1027 [2009]). Appellate courts exercise unlimited review over jurisdictional issues. *Kaelter*, 301 Kan. at 247. Questions involving statutory interpretation are questions of law also subject to unlimited review. *In re N.A.C.*, 299 Kan. at 1106-07.

*Discussion*

Violent offenders are required to register under KORA. See K.S.A. 2017 Supp. 22-4902(a) (defining "'[o]ffender'" to include "violent offender"); K.S.A. 2017 Supp. 22-4906 (setting duration of registration requirement for offenders). "'Violent offender' includes any person who . . . on or after July 1, 2006, is convicted of any person felony *and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony*." (Emphasis added.) K.S.A. 2017 Supp. 22-4902(e)(2). Generally, "an offender's duration of registration shall be . . . 15 years" if the offender is convicted "of any person felony *and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony*." (Emphasis added.) K.S.A. 2017 Supp. 22-4906(a)(1)(N).

9

KORA further provides: "*At the time of conviction or adjudication* for an offense requiring registration . . . the court shall . . . [i]nform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905." (Emphasis added.) K.S.A. 2017 Supp. 22-4904(a)(1)(A).

What Marinelli is arguing is that this court should hold he has no duty to register because of two procedural defects in the district court: (1) the alleged failure to find on the record that the crime was committed with a deadly weapon; and (2) the admitted failure to inform him at the time of conviction about his registration duties under KORA. He does not challenge his conviction, the 24-month probation term, or any financial assessment (court costs, DNA database fee, correction supervision fee, BIDS attorney fee, or BIDS application fee). And he is not asking to withdraw his plea.

Appeals from the district court to the Court of Appeals in criminal cases are subject to K.S.A. 2017 Supp. 22-3601 and K.S.A. 2017 Supp. 22-3602. More relevant for our purposes is K.S.A. 2017 Supp. 22-3602(a), which states:

> "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. *No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto.*" (Emphasis added.)

Because Marinelli pleaded nolo contendere to the aggravated assault charge, his access to the appellate courts is limited by the italicized portion of K.S.A. 2017 Supp. 22-

10

3602(a). And we note Marinelli does not raise jurisdictional grounds or other grounds going to the legality of the proceedings, so the statutory exception in that sentence does not apply.

The general rule in Kansas is that "a plea is a waiver of all defects or irregularities in the proceedings *prior to the plea*." (Emphasis added.) *State v. Edgar*, 281 Kan. 30, 40, 127 P.3d 986 (2006). But Marinelli's registration obligations did not arise until the district court accepted his plea, so this general rule does not settle the jurisdiction question. Better guidance comes from our caselaw holding that K.S.A. 2017 Supp. 22-3602(a) does not entirely preclude a criminal defendant who has pleaded guilty or nolo contendere from taking a direct appeal. Appeals raising two specific types of issues not expressly identified in K.S.A. 2017 Supp. 22-3602(a) have been permitted to date: plea withdrawals and sentencing challenges. Marinelli does not seek to withdraw his plea, so we focus first on the caselaw permitting sentencing appeals following a plea of guilty or nolo contendere as a possible jurisdictional basis.

*Sentencing Appeals*

The statute governing criminal appeals was enacted in 1859. It provided "[a]n appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and upon the appeal any decision of the court or intermediate order, made in the progress of the case, may be reviewed." G.L. 1862, ch. 32, § 264. The statute remained substantively the same until 1970. See K.S.A. 62-1701 (Corrick).

In 1970, the Legislature enacted K.S.A. 22-3601 (Weeks), which provided a more restrictive scope to appealable matters by the criminal defendants. The new statute stated:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except: No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or *nolo contendere*: *Provided*, Jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507." K.S.A. 22-3601 (Weeks).

Effective in 1977, K.S.A. 22-3601 (Weeks) was recodified in substantively identical form in K.S.A. 22-3602(a) (Ensley).

The 1970s-era statutes were silent as to how, or even if, a defendant could get higher court review of a district court's sentencing decision. This court's present-day rule for accepting direct appeals on sentencing issues after a defendant pleaded guilty or nolo contendere arrived more than 30 years ago, but with some turbulence. See, e.g., *State v. Harrold*, 239 Kan. 645, 646-47, 722 P.2d 563 (1986). This court started down one path, then refused to follow itself, and headed down another. At times, it simply ignored the jurisdiction question and decided an appeal's merits. 239 Kan. at 647 (citing *State v. Reeves*, 232 Kan. 143, 652 P.2d 713 [1982]). Illustrative of this judicial whiplash are three cases decided in the 1980s. Their reasoning is helpful.

The first is *State v. Green*, 233 Kan. 1007, 1011, 666 P.2d 716 (1983) ("We have no hesitancy . . . in holding that a direct appeal by the defendant from the sentence imposed in a criminal action following a plea of guilty is permissible under the Kansas Code of Criminal Procedure and that the appellate courts of Kansas have jurisdiction to determine the appeal."). In *Green*, following a guilty plea, defendant appealed "from the sentence imposed and denial of probation," arguing these actions "constituted an abuse of discretion by the district court." 233 Kan. at 1007. The majority reasoned that sound public policy, supported by the American Bar Association Standards for Criminal Justice

12

Relating to Appellate Review of Sentences, encouraged judicial review, and further noted K.S.A. 22-2103 required Kansas courts to construe the criminal code to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. 233 Kan. at 1010. It then explained,

> "If the position of the State is correct that, in order to challenge his sentence or denial of probation, a defendant must file a new separate action pursuant to K.S.A. 60-1507, with the appointment of an attorney to represent him in that proceeding and affording the defendant a new evidentiary hearing if merited by the allegations of the petition, the result would be contrary to the stated purpose of the Kansas Code of Criminal Procedure to secure simplicity in procedure and to eliminate unjustifiable expense and delay." 233 Kan. at 1010.

More importantly, the *Green* majority narrowly interpreted the limiting language in K.S.A. 22-3602(a) to conclude that it applied only to the statutorily specified "judgment of conviction" and that an appeal challenging a sentence was not part of that. 233 Kan. at 1010 (a judgment of sentence differs from a judgment of conviction). In the majority's view, the sentencing process could only begin after the judgment of conviction, observing that K.S.A. 22-3424 provided for the entry of judgment of sentence. 233 Kan. at 1010.

Just a few years later, another divided court broke from *Green*. The majority in *State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986), held K.S.A. 22-3602(a) was plain and unambiguous and provided no avenue for direct appeal from a probation denial and imposition of maximum sentences. It decided any inconsistent statement in *Green* was overruled. 238 Kan. at 479. But it did not entirely foreclose appellate review of sentences imposed after guilty pleas. The court seemed to recognize jurisdiction might exist when a defendant alleged "the sentence was the result of partiality, prejudice or corrupt motive or that it is outside the statutory limits." 238 Kan. at 478.

13

Six months later, the court in *Harrold*, 239 Kan. at 649, overruled *Haines* and set the course we remain on today. The *Harrold* majority appears to have been driven by several factors, including strict statutory interpretation. The majority held:

> "Under K.S.A. 22-3602(a), do we have jurisdiction of this appeal? We conclude that we do. Harrold is not challenging the judgment of conviction and indeed he may not do so by direct appeal under the statute (except, perhaps, under extremely rare factual circumstances not here involved). He is not appealing from or directly challenging the trial court's denial of probation, and we need not deal with that subject. Harrold challenges only the sentence imposed, contending that the trial court abused its discretion in sentencing (1) by failing to consider the legislatively mandated factors and (2) by imposing an excessive sentence. We hold that one who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602 from taking a direct appeal *from the sentence imposed*. Further, an appellant need not allege that the sentence was the result of partiality, prejudice, or corrupt motive, or that it exceeds the statutory limits, in order to present a justiciable issue. Any defendant, whether convicted by plea or trial, may challenge his or her sentence on appeal." 239 Kan. at 649.

The rule from *Harrold* has held. See, e.g., *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013) ("A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her sentence."); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review the sentence). And we observe the Legislature has not seen fit to amend the statute to overrule or limit *Harrold* and its progeny. See *State v. Quested*, 302 Kan. 262, 279, 352 P.3d 553 (2015).

Against this background, we must keep in mind what is in question. Marinelli complains the district court (1) allegedly did not make a factual finding on the record about whether he used a deadly weapon when committing the aggravated assault and (2)

14

failed to inform him about the need to register at the time of his conviction, i.e., the plea hearing. Both would be deviations from KORA. See K.S.A. 2017 Supp. 22-4902(e)(2) and K.S.A. 2017 Supp. 22-4904(a)(1)(A). In effect, Marinelli argues these failings excuse his statutory registration responsibilities and deprived the district court of the authority to order him to register.

From this, two questions emerge. First, is there appellate jurisdiction over the challenged acts because Marinelli's registration orders are part of his criminal sentence? If not, can Marinelli nevertheless raise his KORA challenges in a direct appeal under K.S.A. 2017 Supp. 22-3602(a) because they do not relate to his judgment of conviction?

*Is KORA registration part of Marinelli's criminal sentence?*

The already established path to appellate jurisdiction would be if Marinelli's KORA obligation is considered part of his criminal sentence. If so, the caselaw since *Harrold* would support jurisdiction. But the caselaw tying KORA to criminal sentencing is less than ideal.

The Court of Appeals is split on whether KORA is part of a defendant's criminal sentence—although just barely. Compare *State v. Simmons*, 50 Kan. App. 2d 448, 463, 329 P.3d 523 (2014) (KORA registration obligations are not part of sentencing), with *State v. Dandridge,* No. 109,066, 2014 WL 702408, at *3 (Kan. App. 2014) (unpublished opinion) (KORA registration responsibilities are part of sentencing). *Dandridge* appears to be an outlier. Indeed, the judges who comprised the *Dandridge* panel subsequently embraced *Simmons* as members of other panels. See *State v. Roedel*, No. 116,467, 2017 WL 1826638, at *1 (Kan. App. 2017) (unpublished opinion); *State v. Secrest*, No. 115,565, 2017 WL 543546, at *4, (Kan. App. 2017) (unpublished opinion), *State v. Davis*, No. 114,524, 2016 WL 3202919, at *3 (Kan. App. 2016) (unpublished opinion).

15

We should first decide what a criminal sentence is for purposes of determining whether Marinelli's asserted errors are subject to direct appellate review. In *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993), the court explained:

> "Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted. *Roberts v. State*, 197 Kan. 687, Syl. ¶ 1, 421 P.2d 48 (1966). In criminal cases, the judgment must be rendered and sentence imposed in open court. The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench."

The court has frequently relied on this language to describe a criminal sentence. See, e.g., *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016); *State v. Phillips*, 289 Kan. 28, 39, 210 P.3d 93 (2009). We most recently repeated it in our *Simmons* decision when holding that a defendant's 2005 criminal sentence was not illegally modified by the Legislature when it imposed KORA's statutory registration requirement on those previously convicted of certain registrable offenses. *Simmons*, 307 Kan. at 41. We noted "[t]he district court did not pronounce Simmons' duty to register at sentencing in the 2005 case or at any subsequent hearing on the subject, so it is simply not true that her sentence has been modified." 307 Kan. at 42.

Underlying *Simmons* and *Royse*, as well as their progeny, is a recognition that one feature of a sentence is an action in open court by a court of criminal jurisdiction, as opposed to merely the operation of a legislative enactment. Marinelli's court order at the bottom of the Notice of Duty to Register and the boxes checked on the Journal Entry of Judgment might be construed as court action, although some were not done in open court.

16

Also, the district court orally directed Marinelli to comply with KORA. But there are other features of criminal sentences that suggest KORA is something different.

In *State v. Jackson*, 291 Kan. 34, 238 P.3d 246 (2010), the defendant pleaded guilty, but when the plea was entered and after the court sentenced Jackson from the bench, a dispute remained whether his prior juvenile adjudications constituted convictions for KORA purposes and would impact his registration obligation. The district court ordered additional briefing and later filed a journal entry ordering lifetime registration. On appeal, Jackson argued KORA registration was part of sentencing. He claimed that since the court had already passed sentence from the bench, it lacked jurisdiction to impose registration at a later time. He contended the KORA orders were an illegal modification to his sentence. The court disagreed.

The *Jackson* court began by acknowledging the well-established caselaw that once a criminal sentence is pronounced from the bench it becomes effective and cannot be modified, explaining:

> "Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench. [Citations omitted.] The journal entry is merely a record of the sentence imposed, and the district court has no jurisdiction to change the sentence once the court pronounces sentence. [Citations omitted.] A district court is powerless to vacate a sentence and impose a harsher sentence once it has pronounced sentence. [Citation omitted.] A journal entry that imposes a sentence varying from the sentence pronounced from the bench is erroneous and must be corrected to show the actual sentence imposed. [Citation omitted.]" *Jackson*, 291 Kan. at 35-36.

17

It also recognized,

"The rule against altering a sentence in a journal entry is not, however, absolute. Clarification is not the same as modification, and a district court retains jurisdiction to file a journal entry of sentencing that clarifies an ambiguous or poorly articulated sentence pronounced from the bench. [Citation omitted.] A sentencing court also has jurisdiction to modify a sentence after pronouncing it orally in order to correct an arithmetic or clerical error. [Citation omitted.] *And a sentencing court may later set the exact amount of restitution to be paid after it has completed pronouncing sentence from the bench. State v. Cooper*, 267 Kan. 15, 18-19, 977 P.2d 960 (1999)." (Emphasis added.) 291 Kan. at 36.

The court then held the district court had authority to postpone the KORA registration issue in Jackson's case, reasoning "[t]he journal entry did not modify the sentence but simply carried out a statutory imperative. The sentencing court had jurisdiction to include the registration requirement in the journal entry *without making it a part of the sentence imposed from the bench*." (Emphasis added.) 291 Kan. at 37.

In other words, the KORA-related actions following sentencing were permissible, authorized by statute, and not barred by the rules on sentence modification because KORA was not part of the criminal sentence. The *Jackson* court analogized registration to restitution, as it was considered at that time, stating: "We find that the statutorily required imposition of *lifetime registration is an incident of sentencing, akin to restitution*." (Emphasis added.) 291 Kan. at 37. This phrasing has led some to argue that registration must be part of a defendant's sentence, noting restitution was later determined to be a part of sentencing, not just an incident of it as *Jackson* described it. *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011) ("Restitution is one of the dispositions authorized by K.S.A. 21-4603d, and it therefore constitutes part of a criminal

18

defendant's sentence."); see also *State v. Hall*, 298 Kan. 978, 986-87, 319 P.3d 506 (2014).

But *McDaniel* and *Hall* were decided after *Jackson*, so the argument comparing KORA to restitution does not square. Our caselaw at the time of *Jackson* held that a district court had jurisdiction to set the amount of restitution more than 120 days after sentencing when, at sentencing, it had imposed restitution for an indeterminate amount and gave the parties the option of a future hearing on the amount if they could not agree on it. See *Cooper*, 267 Kan. at 18-19. *Cooper*'s holding was based on the "assumption . . . that a defendant's sentencing was completed before a judge set a final restitution amount." *Hall*, 298 Kan. at 986. But *Hall* abrogated *Cooper*, holding that "because restitution constitutes part of a defendant's sentence, its amount can only be set by a sentencing judge with the defendant present in open court." 298 Kan. at 986.

As such, *Jackson*'s analogy to restitution being an incident to sentencing, relying on *Cooper*, does not support the argument that KORA is a part of sentencing. Another distinction is that KORA registration is not a statutorily authorized disposition, so the *Hall* rationale for how it treated restitution is unavailable.

Marinelli cites two cases to argue KORA is a part of sentencing. The first is *State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011). After entering a guilty plea, the defendant was convicted of felony first-degree murder. The journal entry of judgment required the defendant to register as a violent offender for his lifetime. On appeal, Denmark-Wagner raised two illegal sentence challenges, one focusing on the registration's term. The *Denmark-Wagner* court did not consider whether it had jurisdiction, it simply considered the merits. It concluded, "Denmark-Wagner *should have been sentenced to register* as an offender for a period of 10 years, not life. The

19

lifetime offender registration requirement *of his sentence* does not conform to the statute and is illegal. It must be vacated." (Emphasis added.) 292 Kan. at 884.

The second case is *State v. Mishmash*, 295 Kan. 1140, 290 P.3d 243 (2012), in which the defendant pleaded no contest to one count of manufacturing methamphetamine and one count of methamphetamine possession. At sentencing, the judge found Mishmash was not manufacturing methamphetamine solely for his personal use, so it ordered him to register as a drug offender. Mishmash disputed that personal-use finding and appealed. In concluding the district court erred, the *Mishmash* court stated, "We therefore vacate that portion *of the sentence* requiring Mishmash to register as a drug offender." (Emphasis added.) 295 Kan. at 1145. Once again, the *Mishmash* court did not address its jurisdiction to decide that issue and did not analyze whether KORA was part of a criminal sentence. The court just said KORA was part of a criminal sentence.

Marinelli seizes on these off-hand comments suggesting registration is part of sentencing as his authority that it is for purposes of making an illegal sentence argument. But neither *Denmark-Wagner* nor *Mishmash* studied this, and *Jackson*'s holding is a contrary view because *Jackson* says registration is not part of the sentence—rather it is an incident of sentencing.

More importantly, nothing in *Jackson*, *Denmark-Wagner*, or *Mishmash* can be read to indicate purposeful, reasoned judicial analysis as to whether there was appellate jurisdiction over the KORA claims at issue. Each case is silent and none cited K.S.A. 2017 Supp. 22-3602(a). That our question was not raised in those earlier decisions is not authority that they answered it. Stated differently, just because the appeals were heard does not mean they were allowed by K.S.A. 2017 Supp. 22-3602(a).

20

The Court of Appeals in *Simmons* certainly construed *Jackson* as being consistent with its own views:

> "To that end, the [*Jackson*] court appeared to construe the KORA obligations as we have here:  (1) a statutorily mandated outcome over which a sentencing court has no discretion (2) that arises automatically by operation of law (3) upon the qualifying conviction (4) of a person who meets the definition of an offender as defined by the statute. *Construing the KORA obligations this way necessarily means that the statutory duty of an offender to register is a collateral consequence of judgment that is separate and distinct from a criminal sentence*." (Emphasis added.) *Simmons*, 50 Kan. App. 2d at 462.

This rationale does not stand up to close scrutiny. To be sure, aspects of KORA appear self-executing, but others depend on a district court's exercise of discretion or judicial fact-finding. The *Simmons* panel did not discuss specific statutory language demonstrating a contrary view, even though the statutory scheme plainly has decision points dependent on a district court's determinations that mean the difference between having to register or not. Therefore, the panel's generalization mischaracterizes KORA.

One category of KORA registration occurs when it is required by judicial decision. For example, K.S.A. 2017 Supp. 22-4902(a)(5) and K.S.A. 2017 Supp. 22-4906(a)(1)(M) give the district court unfettered discretion to order registration "for an offense not otherwise required as provided in [KORA]." These statutes provide that a criminal defendant can become an "offender" required to register for *any crime* simply if that obligation is imposed by court order. See K.S.A. 2017 Supp. 22-4902(a)(5) (defining "offender"). Similarly, K.S.A. 2017 Supp. 22-4906(f) provides that for juvenile sex offenders under age 14, the court may require registration until the later of the offender turning 18 or five years after release; or not require it if there are substantial and compelling reasons; or require nonpublic registration. No definitive criteria is specified for the court to exercise this discretion other than "substantial and compelling reasons,"

21

so registration would be excused or made nonpublic solely based on a court's finding. K.S.A. 2017 Supp. 22-4906(f)(2). Identical rules also apply to juvenile sex offenders 14 or more years old whose offenses would not constitute off-grid or severity-level 1 felonies if committed by adult offenders. See K.S.A. 2017 Supp. 22-4906(g).

A second category encompasses registration based on court factual findings. Marinelli's registration duty belongs in this category. See K.S.A. 2017 Supp. 22-4902(e)(2) (defining "violent offender" as person convicted of person felony *and court makes finding on the record that a deadly weapon was used in its commission*). But there are others. See, e.g., K.S.A. 2017 Supp. 22-4902(b)(2) (defining "sex offender" to include juveniles adjudicated of a registrable offense *unless court finds on the record the act involved nonforcible conduct, victim was at least 14, and offender was not more than 4 years older than victim*); K.S.A. 2017 Supp. 22-4902(c)(18) (defining "sexually violent crime" as any act determined beyond a reasonable doubt to have been sexually motivated *unless the court, on the record, finds the act involved nonforcible sexual conduct, the victim was at least 14, and the offender was not more than 4 years older than victim*). And recall in *Mishmash* that the district court had to decide if defendant's methamphetamine manufacturing was solely for his personal use. Once again, in these instances, registration does not arise automatically but results from judicial action.

Yet another category permits registration for otherwise non-KORA crimes by inclusion in a diversionary agreement, probation order, or juvenile sentencing order, and it permits the length of registration to be governed by the agreement or order. See K.S.A. 2017 Supp. 22-4906(i).

A final category includes registration requirements that can be characterized as those based on the convicted offense. With this, the legal obligation to register springs from the existence of statutory conditions, such as a conviction of a specified offense, and

are not dependent on a court's discretion or factual determinations. See K.S.A. 2017 Supp. 22-4902(f) (a "drug offender" is any person who "on or after July 1, 2007 . . . [i]s convicted of any [qualifying crime]"); K.S.A. 2017 Supp. 22-4902(a)(4) ("offender" includes "any person who has been required to register under out-of-state law").

As readily seen, the generalization that KORA obligations arise "automatically by operation of law without court involvement," as the *Simmons* panel and its progeny have repeatedly found, is wrong.

But the rationale underlying the opposing view in *Dandridge*, 2014 WL 702408, is faulty as well. Dandridge pleaded guilty in 2012 for acts committed in 1989 when there was no offender registration requirement. The district court ordered him in 2012 to register as a sex offender for 25 years. Through direct appeal, Dandridge argued he could not be required to register. The State argued KORA controlled offender registration and that Dandridge was required to register because he fit the statutory definition when he was convicted. The panel sided with defendant. 2014 WL 702408, at *1.

The *Dandridge* panel held that offender registration is a crime's legal consequence, so it was within the *Jackson/Royse* definition of a criminal sentence. 2014 WL 702408, at *3; see also *Jackson*, 291 Kan. at 36 (noting "sentence" ordinarily "'denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted'"). In doing so, the panel also cited *Mishmash* and *Denmark-Wagner*. Finally, it held that since the KORA requirement conflicted with the statute requiring Dandridge to be sentenced in accordance with laws in effect at the time of the crime, the rule of lenity applied. 2014 WL 702408, at *2-3. Therefore, while ignoring whether it had jurisdiction in the first place, it ultimately vacated the district court's order under KORA. 2014 WL 702408, at *2-3.

23

Notably, *Dandridge* did not address an obvious inconsistency with *Jackson*. It held there would have been no conflict between the sentencing statutes if offender registration was simply "an incident of sentencing" occurring at the same time as sentencing. 2014 WL 702408, at *2. But *Jackson* noted KORA was an incident of sentencing, and the *Dandridge* panel ignored that. See *Jackson*, 291 Kan. at 37. Clearly, *Jackson* contradicts the *Dandridge* panel's rationale.

Even so, within KORA, there are statutory provisions that argue against considering registration to be part of a criminal sentence. For example, if an individual is convicted of a qualifying crime, but remains free on bond pending sentencing, that individual is immediately obliged upon conviction to register within three days. See K.S.A. 2017 Supp. 22-4904(a)(1)(B). And failing to do so could cause that individual to be charged with a new crime for not registering—even before sentencing for the underlying conviction.

*Does K.S.A. 2017 Supp. 22-3602(a) authorize this appeal?*

If we do not secure appellate jurisdiction by simply considering KORA registration to be part of sentencing, we must decide whether jurisdiction is afforded by another rationale.

In settling the back and forth over whether sentencing challenges could be brought as direct appeals, the *Harrold* court strictly interpreted K.S.A. 22-3602(a) by focusing on the statutory term "judgment of conviction" and holding that the limitation on appeals after guilty pleas or nolo contendere applies only to a judgment of conviction. *Harrold*, 239 Kan. at 649 ("Harrold is not challenging the judgment of conviction and indeed he may not do so by direct appeal under the statute."); see also *State v. Green*, 233 Kan.

24

1007, 1009, 666 P.2d 716 (1983) (noting statutory definition of "'conviction'" in K.S.A. 21-3110 as "'a judgment of guilt'").

Here, as in *Harrold*, the KORA issues are certainly not part of the judgment of conviction. Marinelli does not argue his conviction should be disturbed. In other words, our focus shifts to the first sentence of K.S.A. 2017 Supp. 22-3602(a): "[A]n appeal . . . may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed."

This more expansive language in our view covers a district court's specific finding that triggers registration, such as the deadly weapon finding in Marinelli's case. It would also cover instances when the registration obligation is imposed as an act of judicial discretion. And given that all registration duties are to be set out in the journal entry of judgment filed in a criminal case, even those instances when registration is based on the convicted offense as described above should be caught up in the jurisdictional net cast by the first sentence in K.S.A. 2017 Supp. 22-3602(a).

Finally, parallels can be drawn with our judicial economy rationale in the sentencing jurisdiction cases as expressed in *Green* because taking KORA issues in a direct appeal will avoid duplicative steps if the defendant must pursue a K.S.A. 60-1507 motion or initiate separate litigation. See *Green*, 233 Kan. at 1010. It is also consistent with K.S.A. 22-2103 (The criminal code "is intended to provide for the just determination of every criminal proceeding. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

25

Marinelli has timely appealed from a final judgment, complaining about the district court's order requiring him to register as a violent offender. To be valid that registration requirement must be predicated on the district court's finding that he used a deadly weapon in the commission of his offense. That action is appropriately viewed as a "judgment . . . decision . . . or intermediate order made in the progress of the case" under K.S.A. 2017 Supp. 22-3602(a).

We hold this court has jurisdiction to consider Marinelli's direct appeal of the district court's order to register under KORA.

MARINELLI IS REQUIRED TO REGISTER

Marinelli's challenge to his duty to register presents two questions. First, is Marinelli a "violent offender" as defined by K.S.A. 2017 Supp. 22-4902(e)(2)? And, second, if the Act otherwise obligates Marinelli to register, is he relieved of that obligation because the district court did not notify him of it at the time of conviction as contemplated by K.S.A. 2017 Supp. 22-4904(a)(1)(A)?

*Is Marinelli a violent offender?*

KORA requires violent offenders to register. For a district court to impose registration duties on a violent offender, it is to find on the record that the offender used a deadly weapon while committing the crime. K.S.A. 2017 Supp. 22-4902(e)(2). Whether Marinelli is a violent offender within the meaning of KORA turns on the interpretation of K.S.A. 2017 Supp. 22-4902(e)(2), which is a question of law subject to de novo review. See *State v. Coman*, 294 Kan. 84, 91, 273 P.3d 701 (2012).

26

We have no difficulty concluding the necessary finding was part of the district court's determination. The judge and counsel completed the journal entry, which contains the requisite finding and is in the case's record. That essential factual finding was made by checking a box labeled "Yes" next to the question asking whether an offender committed the current crime with a deadly weapon. The journal entry further reflects that the court informed Marinelli of his duty to register under KORA. And the supplement attached to the journal entry also shows the offender is required to register as a violent offender for "[a]ny conviction for a comparable person felony committed with a DEADLY WEAPON."

We further observe that the record supports the district court's finding in the journal entry. The charge specified the deadly weapon used in the commission of the crime was a knife, the State explained that at the plea hearing, and the defense agreed with the State's factual rendition. We emphasize we are not simply looking to whether use of a deadly weapon is an element of the convicted crime. Rather, the uncontroverted record shows the court's finding is supported. Moreover, this is not a situation in which the weapon used constituted a deadly weapon for the purposes of the criminal conviction but was arguably not a deadly weapon for KORA purposes. See *State v. Davis*, 227 Kan. 174, 605 P.2d 572 (1980) (use of a starter pistol elevated crime from ordinary to aggravated robbery). We need not address these potential asymmetries today, but district courts should be alert for them when complying with KORA.

Because Marinelli was convicted of a person felony and the court found he used a deadly weapon, which is supported by the record, he is a violent offender subject to KORA's registration requirements.

27

*Does the court's untimely notification relieve Marinelli of his duty to register?*

Marinelli argues his registration requirement must be vacated because "[r]egistration was only addressed at sentencing, well after the proscribed period in the statute." But he does not explain why this should matter, even though we recognize the statute specifies the district court "shall" inform the defendant about registration "[a]t the time of conviction." K.S.A. 2017 Supp. 22-4904(a)(1)(A).

*Standard of Review*

Because the Legislature's use of the word "shall" can have different meanings in different provisions," its "meaning is not plain," and "statutory construction rather than statutory interpretation is necessary." *Ambrosier v. Brownback*, 304 Kan. 907, 912, 375 P.3d 1007 (2016). Statutory construction is a question of law. 304 Kan. at 911.

*Discussion*

The Legislature modified K.S.A. 22-4904 in 2012 to specify that a district court inform the offender about registration at the time of conviction, rather than sentencing— as was directed under the statute's 2011 version. See L. 2012, ch. 149, § 3. This change instructed courts "to register offenders at conviction or adjudication, rather than at sentencing . . . [and] clarifie[d] the other responsibilities of the court with respect to offender registration at that time, including additional requirements if the offender is released." Kan. Leg. Research Dept., 2012 Summary of Legislation, HB 2568. This legislative context and history suggests the timing is to help ensure offenders know of their registration obligations.

Recall that under KORA an individual subject to the Act's requirements is obliged to register within three days of release. See K.S.A. 2017 Supp. 22-4904(a)(1)(B)(iii). And

failing to do so, the individual could be charged with a new crime for failing to register under K.S.A. 2017 Supp. 22-4903. The statutory directive to inform the offender about registration and complete a duty to register form before release serves a purpose of preventing lack of knowledge from being raised as a defense to a new charge for failure to register.

No provision in KORA creates a consequence for the failure to inform a defendant at the appropriate time. We have established that a person's status as an "offender" might turn on a court determination, but the Act itself imposes the duty to register upon any such person, rather than the court's order. See K.S.A. 2017 Supp. 22-4903(a) (defining a KORA violation as failure by person defined as "offender" to comply with the Act); K.S.A. 2017 Supp. 22-4906 (providing "duration of registration" for "offender" based on convicted crime); *Jackson*, 291 Kan. at 37 (analogizing "statutorily required imposition of . . . registration" to standard probation conditions, characterizing registration as "mandatory" rather than "discretionary," and holding registration requirement could be imposed in a journal entry without being pronounced from the bench as part of sentence). In other words, under the plain language of K.S.A. 2017 Supp. 22-4902, neither the fact of notice or its timing are dispositive to whether a person is an "offender" and, therefore, subject to registration requirements.

The notification provision seems straightforward enough. And we decline the State's invitation to declare the court's role entirely optional. We are cognizant a failure to comply with the notice provision might disadvantage an offender whose only notice would come from the Act itself, but we prefer to address the effect of such failure when, and if, prejudice is presented.

Importantly, Marinelli does not argue he was prejudiced in any way by the delayed timing of his KORA notification and offers no authority supporting his claim that his

29

registration should be excused under these facts. We particularly note the district court appropriately offered Marinelli the opportunity to withdraw his plea after he apparently learned about the registration requirements at sentencing—an offer Marinelli twice declined. Furthermore, the district court did not completely fail to notify Marinelli about registration.

For these reasons, we hold the district court's failure to notify Marinelli of his duty to register at the time of his conviction does not excuse his KORA registration obligations.

Affirmed.

\* \* \*

ROSEN, J., concurring: I concur in the conclusion of the majority that this court has appellate jurisdiction under K.S.A. 2017 Supp. 22-3602(a) to decide if the registration responsibilities under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., imposed upon Marinelli by the district court are invalid. However, and despite the fact that I find unnecessary the majority's excursion into the question whether KORA provisions are sentencing provisions, I would hold that this court has jurisdiction based on our longstanding rule that a defendant may appeal from the sentence imposed after a plea of guilty or nolo contendere. Further, I agree with the rationale of Justice Johnson's concurring opinion in *State v. Thomas* 307 Kan. __, __ P.3d __ (No. 109,951, this day decided), slip op. at 24-33, that also concludes that KORA registration is a part of sentencing in that case. I also write to discuss *State v. Jackson*, 291 Kan. 34, 238 P.3d 246 (2010), a case which the majority misinterprets.

Until our decision in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), this court had held that the public disclosure provisions of KORA (including those in its preamendment versions applicable only to sex offenders) constituted punishment despite the lack of punitive purpose on the part of the Legislature. See *State v. Myers*, 260 Kan. 669, 671, 923 P.2d 1024 (1996) (As applied to defendant, public disclosure provision of the Kansas Sex Offender Registration Act [KSORA] imposes punishment in violation of the Ex Post Facto Clause.); *State v. Scott*, 265 Kan. 1, 5-6, 961 P.2d 667 (1998) (Punitive effect of notification provisions of KSORA not so disproportionate to Scott's crime as to constitute cruel and unusual punishment.); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (KORA, as amended in 2011, was punitive in effect, and, under Ex Post Facto Clause, amended statutory scheme could not be applied retroactively to sex offender who committed qualifying crime prior to July 1, 2011), *overruled by Petersen-Beard*, 304 Kan. 192; *State v. Redmond*, 304 Kan. 283, 289, 371 P.3d 900, 904 (2016) (applying *Thompson*, same), *overruled by Petersen-Beard*, 304 Kan. 192; *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016) (defendant could not be subjected to 25-year registration period in the amended version of KORA without violating the Ex Post Facto Clause.), *overruled by Petersen-Beard*, 304 Kan. 192; *State v. Charles*, 304 Kan. 158, 372 P.3d 1109 (2016) (Registration requirement for violent offenders under the 2009 version of KORA qualified as punishment under Due Process Clause and could not constitutionally be imposed based on judicial, rather than jury, fact-finding.), *abrogated by State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017). I believe *Petersen-Beard* was wrongly decided for all the reasons thoroughly set out by Justice Lee A. Johnson's dissent in that case. By deferring to the federal circuit courts to decide this issue, the majority has abandoned the raison d'être and the preeminent responsibility of this court:  to interpret the laws of the State of Kansas.

I would hold that Marinelli appeals from the sentence imposed in his case because he appeals from "two procedural defects in the district court," both of which pertain to

registration requirements under KORA that expose him to its punitive public disclosure effects: "(1) the alleged failure to find on the record that the crime was committed with a deadly weapon; and (2) the admitted failure to inform him at the time of conviction about his registration duties under KORA." Slip op. at 10. Consequently, this court has jurisdiction under K.S.A. 22-3602(a) and caselaw interpreting it. *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986) (one who pleads guilty or nolo contendere not precluded by K.S.A. 22-3602 from taking direct appeal from sentence imposed); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review sentence); *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013) (guilty or no contest plea surrenders a criminal defendant's right to appeal his or her conviction but not his or her sentence).

The majority's excursion into its theory that KORA is not a sentencing statute is both unnecessary and ill-reasoned. It turns first to the rule laid out in *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993), and *State v. Simmons*, 307 Kan. 38, 405 P.3d 1190, 1193 (2017), and, in doing so, oversimplifies the rule that the sentence must be pronounced in open court. It concludes that anything not announced in open court is, therefore, not a sentence. Slip op. at 16 ("'[t]he district court did not pronounce Simmons' duty to register at sentencing . . . or at any subsequent hearing . . . , so it is simply not true that her sentence has been modified.' 405 P.3d at 1193"). This argument is akin to maintaining that if cherry trees bloom in March, any blossom on a cherry tree in May simply is not a cherry blossom, regardless of whether it ripens into a cherry just as sour.

Next, the majority turns to *State v. Jackson*, 291 Kan. 34, 238 P.3d 246 (2010) to illustrate its premise that "there are other features of criminal sentences that suggest KORA is something different," i.e., not a sentence. See slip op. at 17. The majority concludes that *Jackson* found "the KORA-related actions following sentencing were permissible, authorized by statute, and not barred by the rules on sentence modification

because *KORA was not part of the criminal sentence*." (Emphasis added.) Slip op. at 18. On the contrary, *Jackson*'s analysis is based upon the premise that KORA is a part of the criminal sentence. *Jackson* does not, as the majority suggests, address the distinction between sentence provisions pronounced from the bench and provisions that are not part of the sentence at all. Rather, *Jackson* addresses the distinction between sentence provisions pronounced from the bench and those sentence provisions that, while preferably pronounced from the bench, will not negate the sentence if only contained in the journal entry.

Jackson* was decided during the period when *State v. Myers*, 260 Kan. at 671, prevailed. In other words, there was no question that KORA provisions were punitive and part of the sentence. Moreover, the *Jackson* court had no reason to question its appellate jurisdiction over a sentencing issue because *Harrold* was also firmly in place. These precedential prerequisites were givens when *Jackson* began its analysis with the general rule that a sentence not pronounced from the bench was invalid. From there, however, *Jackson* noted that there were exceptions to the general rule, i.e., some sentencing provisions could still be enforced even if not pronounced from the bench. 291 Kan. at 36 ("The rule against altering a sentence in a journal entry is not, however, absolute.").

Significantly, *Jackson* focused on an exception recognized by the Court of Appeals in *State v. Baldwin*, 37 Kan. App. 2d 140, 150 P.3d 325 (2007). *Baldwin* held that conditions of probation forming the basis for a defendant's liberty are considered part of the sentence. 37 Kan. App. 2d at 143. As a result, assignment of a defendant to Labette Correctional Conservation Camp was a condition of probation that had to be articulated at sentencing from the bench and could not be added as a condition in the journal entry. 37 Kan. App. 2d at 141-43. *Jackson* explained:

33

"In reaching this conclusion, the Court of Appeals looked to other jurisdictions that have held that conditions of probation stated in a journal entry but not imposed in open court are of no effect. 37 Kan. App. 2d at 143-44; [citations omitted].

"The Court of Appeals noted, however, that the rule is typically restricted to special conditions of probation. Standard conditions of probation imposed by statute in every case are excluded because the defendant has constructive notice of them and the conditions are implicit in the grant of every probation. 37 Kan. App. 2d at 144; [citations omitted].

"We find that the statutorily required imposition of lifetime registration is an incident of sentencing, akin to restitution. K.S.A. 22-4906 speaks of persons who are 'required to register' and of a 'registration requirement.' Because registration is a mandatory, not a discretionary, act, the order of registration is the same kind of standard order of probation cited by our Court of Appeals in *Baldwin*. Because the defendant has constructive notice of the registration requirement, it is implicit in every sentence that falls within the scope of K.S.A. 22-4906. The journal entry did not modify the sentence but simply carried out a statutory imperative. The sentencing court had jurisdiction to include the registration requirement in the journal entry without making it part of the sentence imposed from the bench." *Jackson*, 291 Kan. at 36-37.

In other words, *Jackson* did not conclude that the KORA registration provisions were not part of Jackson's sentence, rather it concluded they were an effective part of his sentence despite not having been pronounced from the bench. Presumably, *Jackson* would find those provisions of KORA which require judicial fact-finding in a plea setting or allow judicial discretion akin to special conditions of probation which must be imposed in open court.

*Jackson* explicitly states that KORA "is an incident of sentencing, akin to restitution." This sentence illustrates clearly that the *Jackson* court found KORA to be a part of sentencing. The majority, counterintuitively, interprets "an incident of" to mean

34

"not a part of" at all. But that interpretation is simply incorrect. See Black's Law Dictionary 879 (10th ed. 2014) defining "incident" as "[a] dependent, subordinate, or *consequential part (of something else)* [for example] child support is a typical incident of divorce[]." (Emphasis added.)

*Jackson*'s analogy to restitution, rather than to the conditions of probation that were part of its illustration, is of no consequence. Its point that the standard conditions of KORA could be stated in the journal entry was not dependent on the subject of the analogy.

Ironically, and ultimately, it makes no difference for the purpose of determining appellate jurisdiction in this case whether KORA provisions are part of sentencing or not. As the majority recognizes, "KORA issues are certainly not part of the judgment of conviction" from which the defendant cannot appeal. Slip op. at 25. Thus, the question is not whether the KORA finding of a deadly weapon made by the district judge and the ill-timed order to register are sentencing provisions. Rather the question is whether they amount to a judgment, decision, or intermediate order made in the progress of the case. K.S.A. 2017 Supp. 22-3602(a). That point does not seem to be in dispute. Nonetheless, to be consistent with my position that KORA provisions are punitive and part of a defendant's sentence, I would simply predicate our appellate jurisdiction on Marinelli's appeal from his sentence.

BEIER and JOHNSON, JJ., join in the foregoing concurrence.