ROSEN, J., concurring and dissenting:
**751 I agree with the majority that this case need not be remanded to the district court; however, I dissent from the portion of the majority's opinion interpreting the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., as it applies to this case. I disagree with the majority's underlying position that KORA is not a sentencing statute that increases the punishment for designated convictions. See State v. Marinelli , 307 Kan. ----, ---- - ----, 415 P.3d 405, No. 111,227, this day decided, slip op. at 30-35 (Rosen, J., concurring). In my opinion, this erroneous interpretation leads the majority down a rabbit hole with unfortunate outcomes, such as the "springing obligation" theory that mandates registration upon conviction by operation of law. Op. at 442. I agree with Justice Johnson's critique of the majority's interpretation and with the rationale set forth in his concurring opinion that also concludes that KORA registration is a part of sentencing. I now turn my attention to another aspect of the Act.
*444 Broadly stated, KORA requires certain defined offenders to register. K.S.A. 2017 Supp. 22-4902(e)(2) provides that one such type of offender is a person who "is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." In State v. Charles , 304 Kan. 158, 176-77, 372 P.3d 1109 (2016), abrogated by State v. Huey , 306 Kan. 1005, 399 P.3d 211 (2017), the majority noted:
"If KORA registration does not constitute punishment for purposes of the Due Process Clause of the Fourteenth Amendment, then Apprendi [v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000) ] does not apply. If it does constitute punishment under that clause, then Apprendi applies and the Sixth Amendment demands that all factfinding in support of a registration requirement must be done by a jury, not a judge. See Alleyne v. United States , 570 U.S. [99], 133 S.Ct. 2151, 2161, 186 L.Ed. 2d 314 (2013) ; Apprendi , 530 U.S. at 490 [120 S.Ct. 2348]."
Because, in my view, KORA registration qualifies as punishment, under the Due Process Clause, any finding of fact required to impose registration requirements must be made by a jury. The provision in K.S.A. 2017 Supp. 22-4902(e)(2) that allows a judge-made finding that a deadly weapon was used in a crime to trigger the requirement of registration under KORA, therefore, violates due **752 process and is unconstitutional. See State v. Soto , 299 Kan. 102, 124, 322 P.3d 334 (2014) (concluding statutory procedure for imposing hard 50 sentence violates Sixth Amendment because it permits judge to find by a preponderance of evidence one or more aggravating factors necessary to impose increased mandatory minimum sentence, rather than requiring jury to find existence of aggravating factors beyond reasonable doubt); United States v. Haymond , 869 F.3d 1153, 1160 (10th Cir. 2017) ( 18 U.S.C. § 3583 [k] unconstitutional because it changes mandatory sentencing range to which defendant may be subjected, based on facts found by judge, not by jury). But see State v. Hachmeister , 306 Kan. 630, 639, 395 P.3d 833 (2017) (lifetime sex offender registration not punishment). I note that other provisions of the Act are subject to the same infirmity, but they do not bear upon the issue of remand in this case so I leave their consideration to another day.
Because there was no cross-petition filed by the State, that portion of the Court of Appeals order which held the deadly weapon finding necessary to trigger the registration requirement is not directly before us. The question before the court is only whether the Court of Appeals could order a remand for the deadly weapon finding to be made by the district judge in order to trigger the registration requirement. Since, in my view, it would be unconstitutional for the district judge to require registration based on a judge-made deadly weapon finding, remand is neither required nor appropriate. See State v. Bonner , 290 Kan. 290, 303, 227 P.3d 1 (2010) (no purpose served by remand to consider sentencing option that no longer exists).
Beier and Johnson, JJ., join in the foregoing concurrence and dissent.