NOT DESIGNATED FOR PUBLICATION

No. 128,987

STATE OF KANSAS,
*Appellee*,

V.

HAYDEN JAMES WASHAM,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed May 29, 2026. Appeal dismissed.

*Erica Ramstad Whitsell,* of McConnell Law Firm, and *Jonathan W. McConnell*, of the same firm, of Wichita, for appellant.

*Kristi D. Allen,* assistant district attorney*, Marc Bennett,* district attorney, and *Kris W. Kobach*, attorney for appellee.


Before HILL P.J., ARNOLD-BURGER, J, and ANDREA PURVIS, District Judge, assigned.


HILL, J.: Offenders wishing to directly appeal must file their notices of appeal within 14 days of sentencing. See K.S.A. 22-3608(c). Hayden James Washam failed to comply with that law, therefore we must dismiss this appeal because we have no jurisdiction.

1

*A plea agreement resolves two separate cases.*

Washam was charged in two cases with several sex crimes. Washam and the State made a plea agreement. The State agreed to reduce his charges to one count of aggravated battery in each case. In exchange, Washam agreed to plead guilty and agreed to pay reasonable restitution. The parties also agreed that the two cases would be consolidated and that both parties would ask the court to make a finding that Washam's charges were sexually motivated. Finally, in the plea agreement, Washam acknowledged his duty to register under the Kansas Offender Registration Act.

*The parties followed the terms of their agreement at the plea hearing.*

At the plea hearing, Washam acknowledged that he had agreed with the State that he had a duty to register as an offender as set out in their plea agreement. In the same hearing, he signed and filed a notice of the duty to register and also acknowledged his duty to register within three days of being released from custody. For each case, the State provided a factual basis for both of Washam's pleas, which included that each crime was committed with a "sexual intent" and "sexual motivation, that is [to say] with the intent to arouse or satisfy his own desires."

The presentence investigation report also checked the box on the form that stated offender registration was required for the two convictions.

Later, at the sentencing hearing, the court began by stating that it was the court's "understanding that the offender registration requirements were covered at the time of the plea hearing." No further findings or statements were made at that hearing regarding any registration. For each conviction of aggravated battery, Washam received a 34-month prison sentence which were to be served consecutively. They total 68 months in prison for the two cases.

The journal entries for each conviction reveal a special finding that Washam's crimes were sexually motivated under Offender Registration Act and that he must accordingly register as a sex offender for 15 years. In the additional comments section for each journal entry, the court stated, "Count 1 amended to Aggravated Battery with sexual motivation" and the remaining counts in each case were dismissed as provided in the plea agreement.

Washam was sentenced on September 27, 2024. To timely appeal his sentence, he had to file a notice of appeal by October 11, 2024. But Washam did not file a notice of appeal until February 26, 2025—152 days after his sentence was pronounced. Because Washam failed to timely appeal his sentence through a direct appeal, this court lacks any jurisdiction to review his challenge to any offender registration order made by the district court.

*The law that guides us is clear.*

A criminal defendant has 14 days from the pronouncement of their sentence to file a direct appeal. K.S.A. 22-3608(c). Under the statute, defendants may also appeal from any judgment against them in the district court, and "upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 22-3602(a). Direct appeal is the proper vehicle to challenge an Offender Registration Act order and thus a defendant must file a notice of appeal within 14 days after judgment. See *State v. Marinelli*, 307 Kan. 768, 788, 415 P.3d 405 (2018) (holding that a district court's order requiring registration for the Kansas Offender Registration Act may be challenged on direct appeal); *State v. Washington*, No. 118,978, 2019 WL 4892181, at *5 (Kan. App. 2019) (unpublished opinion).

A few months later, at a status hearing, Washam moved to vacate the court's order requiring him to register under the Kansas Offender Registration Act. In a hearing solely

aimed to address the registration order, the district court heard arguments from both parties to address the registration order. The court denied Washam any relief on the registration order. Washam then appealed that postsentencing ruling affirming the registration order. In his notice of appeal, Washam states that the sole issue he was appealing was "an error in the Journal Entry of Sentencing that affects offender registration, because the Journal Entry does not conform to the sentence pronounced from the bench." He is not making an illegal sentence claim.

Because Washam failed to timely file a notice of appeal from his sentence, we lack jurisdiction to consider this appeal. Accordingly, we dismiss Washam's appeal for want of jurisdiction.

Appeal dismissed.