NOT DESIGNATED FOR PUBLICATION

No. 118,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY BLANKENSHIP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 2, 2018. Reversed and remanded with directions.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: This is a peculiar case if only because we confront litigation over jail sentences imposed on Defendant Gregory D. Blankenship nearly a decade ago in Sedgwick County District Court for a pair of convictions for driving under the influence. Blankenship has yet to fully serve those sentences. The district court recently denied Blankenship's request he again be considered for work release as he completes the sentences in the county jail. We find the district court failed to recognize and exercise its

1

discretionary authority in disposing of the request and, therefore, remand so that it may do so.

We winnow the factual history to a handful of essentials. Blankenship was charged in two cases with driving under the influence in violation of K.S.A. 8-1567 based on arrests in June and November 2007. He eventually entered into an agreement with the State and pleaded guilty in March 2009 to both offenses. At a hearing in June 2009, the district court declined to follow the joint plea recommendation and ordered Blankenship to serve consecutive 12-month sentences in the county jail on the convictions, along with paying statutorily mandated fines. The district court authorized Blankenship to be placed on work release after serving 30 days in jail. Basically, work release allows certain inmates to leave jail to seek employment or maintain employment; they spend the balance of their time in custody. Inmates are allowed to participate based on their crimes of conviction, their perceived trustworthiness, and their compliance with the program's rules.

The Sedgwick County Sheriff, who operates the jail and oversees the work release program, removed Blankenship from the program. Blankenship failed a chemical breath test upon his return to the jail from work one day, indicating he had been drinking while out—a clear rules violation. In April 2010, Blankenship filed a motion ostensibly asking the district court to modify his sentences by reinstating him to work release. The district court denied the motion. Blankenship secured court orders allowing him to appeal out of time and establishing an appeal bond that included electronic monitoring.

This court denied Blankenship's appeal. *State v. Blankenship*, No. 105,520, 2012 WL 718946, at \*2 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1131 (2013) (*Blankenship I*). We return to that ruling later in discussing the present appeal.

Although the exact date is not immediately apparent from the record, Blankenship suffered a debilitating stroke before that appeal became final. Blankenship had significant and continuing physical limitations as a result of the stroke. Nobody disputes that general proposition. But the appellate record doesn't fully or authoritatively outline Blankenship's condition through medical records or a physician's report.

In any event, the prosecutor and Blankenship's lawyer asked and the district court agreed to stay Blankenship's return to jail in the hopes that his physical condition would improve before he served the rest of his time. We understand that Blankenship has served the sentence in one of the cases but has yet to serve a substantial portion of the sentence in the second case. The district court held periodic hearings for about three years on Blankenship's status. Finally, in December 2016, the State asked the district court to order Blankenship back to jail to finish the term of incarceration. Blankenship responded with various arguments for treating his time on bond and electronic monitoring as sufficient to satisfy the jail sentences or for placing him on home detention. In the alternative, he asked that the district court direct he be considered for work release if he were sent back to jail. The district court rejected all of those arguments.

The district court concluded it did not have the authority to again direct that Blankenship be considered for work release, since the sheriff had removed him from the program years earlier. The district court did not offer a detailed explanation but seemed to rely, in part, on Blankenship's earlier appeal. And the district court surmised that Blankenship could not actually participate in work release given his physical limitations following the stroke. Blankenship has appealed. The district court set terms for an appeal bond that Blankenship has met. As far as we are aware, he remains free on bond.

On appeal, Blankenship focuses on the district court's rejection of work release as an option upon his return to jail. We presume a district court's decision to direct work release for a defendant sentenced on a DUI conviction entails the exercise of judicial

discretion. Under the penalty provisions of K.S.A. 2017 Supp. 8-1567, a jail sentence "may be served in a work release program" after the defendant has served a defined period of continuous incarceration. The statutory language embodies a discretionary decision. Cf. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009) (language in K.S.A. 22-3210[d] stating district court "may . . . permit the defendant to withdraw" his or her guilty plea after sentencing to prevent manifest injustice confers judicial discretion).

A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). A district court also errs if it fails to recognize it has the discretion to act and, thus, declines to act for that reason. *State v. Redick*, 307 Kan. 797, 806, 414 P.3d 1207 (2018).

The State contends Blankenship's appeal is barred by res judicata as a result of this court's opinion in *Blankenship I*. We don't believe res judicata, as a preclusion principle, applies here. Res judicata comes into play across cases, so that a judgment in one discrete legal action may bar a later legal action between the same parties involving the same circumstances. See *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 259, 261 P.3d 943 (2011). Here, however, both appeals have been taken in a single legal action—the consolidated DUI prosecutions—rather than in successive cases. The governing preclusion principle, therefore, is law of the case. See *State v. West*, 46 Kan. App. 2d 732, 736, 281 P.3d 529 (2011) (law of the case bars repetitive argument of an issue in a single case once that issue has been decided on appeal). As the Kansas Supreme Court has explained: "The law of the case prevents relitigation of the same issues within successive stages of the

same suit." *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1212, 308 P.3d 1238 (2013).

The issue on appeal in *Blankenship I* turned on whether the district court or the sheriff had the authority to remove Blankenship from the work release program in 2010 because he failed the breath test. On appeal, Blankenship argued the removal amounted to an impermissible modification of his original sentence that included work release. The panel agreed with the State that Blankenship had not raised that argument in the district court and concluded he could not do so for the first time on appeal. *Blankenship I*, 2012 WL 718946, at *1-2. This court also declined to review the challenge to the district court's authority to order Blankenship removed from the work release program because the appellate record contained no such order. The court also rejected the challenge to the sheriff's authority because Blankenship "cite[d] no legal authority" supporting that argument. 2012 WL 718946, at *2. For law of the case purposes, we question whether *Blankenship I* actually decided any substantive proposition on the merits, since the rejection of Blankenship's arguments rested on a procedural bar and deficiencies in assembling adequate factual and legal underpinnings for them.

Moreover, *Blankenship I* dealt with the propriety of Blankenship's removal from the work release program in the first instance and who, if anyone, had the authority to effect the removal. That's not the issue Blankenship more recently raised in the district court in response to the State's motion that he serve the remainder of his sentences. He argued there and repeats on this appeal that the district court could again request that he be placed in the work release program despite his earlier removal. In short, Blankenship is not now attacking his earlier removal from the program. So he is not litigating the same issue.

Even if law of the case governed here (though we think otherwise), the rule is not implacable. *State v. Collier*, 263 Kan. 629, Syl. ¶¶ 2-3, 952 P.2d 1326 (1998) (law of the

5

case "is not an inexorable command" and yields to avoid clear error or manifest injustice). Given the peculiar facts, we see this as a situation in which law of the case probably ought to yield. The issue, of course, is simply whether Blankenship may be reconsidered for work release. He was removed from the program about six years before the district court took up his request. We decline to say the passage of that much time alone would necessarily override law of the case. But in that time, Blankenship's circumstances demonstrably changed as a result of his stroke. Substantially changed factual conditions may permit revision of an earlier decision—even one affirmed on appeal—to avoid gross inequity in an ongoing case. See *In re A.L.E.A.*, No. 116,276, 2017 WL 2617142, at *7 (Kan. App.) (unpublished opinion) ("sufficiently significant factual developments . . . undercut an arguable application of law of the case"), *rev. denied*, 307 Kan. 986 (2017).

We find the State's reliance on res judicata or, inferentially, on law of the case as the more appropriate preclusion doctrine to be unavailing. We, likewise, reject law of the case as a sufficient legal basis for the district court's conclusion it lacked the authority to consider Blankenship's request to be reconsidered for work release.

The district court also may have believed it could not act on the request because directing Blankenship be considered for work release would amount to a change in his original sentence. A district court cannot alter a sentence after imposing it. The imposition of a complete sentence generally deprives the district court of jurisdiction to take additional action. See *State v. Marinelli*, 307 Kan. 768, 781, 415 P.3d 405 (2018). But Blankenship's request would not have altered his sentence. Work release reflects the manner in which Blankenship might serve the DUI sentences—not the sentences themselves. He was sentenced to 12 months in jail on each conviction, and that hasn't changed. So to the extent the district court may have pulled back for that reason, it would have been mistaken.

The district court had the discretion to request that Blankenship again be considered for placement in the work release program. And it erred in declining to rule on the request because it believed otherwise. We would overstep the bounds of appellate review to rule on the request in the first instance. The discretion lies with the district court and should be exercised there.

Finally, we discount the district court's alternative reason for rejecting Blankenship's request for work release—his physical condition following the stroke categorically precluded his participation in the program. The district court's conclusion lacks factual support in the record developed at the hearing or otherwise in the appellate record. As we indicated, the record includes no medical evidence bearing on Blankenship's physical limitations. Nor is there any evidence in the record showing Blankenship to be unable to engage in any gainful employment whatsoever. The district court simply expressed conclusory opinions that Blankenship "could [not] hold down a regular steady job with his medical situation" and that "we all know he would not qualify [for work release]." But the district court did not elaborate on the factual bases for those views, and none are readily apparent. To that extent, the district court abused its discretion by relying on unproven factual assumptions.

We, therefore, reverse the district court and remand for further proceedings consistent with this opinion. On remand, the district court, at the very least, needs to hold another hearing on Blankenship's request for a judicial directive that he be considered for work release while serving the remainder of his sentences. The district court has the discretionary authority to consider such a request.

Reversed and remanded with directions.