No. 121,328

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SHAWNEE,
*Appellee*,

v.

ASNAKE ADEM,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited.

2.

The right to appeal in Kansas is entirely statutory and is not contained in the United States or Kansas Constitutions. Normally, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by law.

3.

K.S.A. 2019 Supp. 22-3602(a) allows appellate courts to hear a defendant's direct appeal from their Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et. seq., registration requirements.

4.

Whether KORA applies to municipal court convictions involves statutory interpretation, which is a question of law subject to unlimited review.

5.

KORA is a regulatory scheme that is civil and nonpunitive for all classes of offenders.

6.

There is no incorporating language in either the Kansas Code of Criminal Procedure (KCCP) or the KORA which indicates legislative intent to treat KORA as a subset of the KCCP.

7.

Despite its location in Chapter 22 of Kansas Statutes Annotated, the KCCP, KORA is an independent and self-contained section of Kansas law and not a part of the KCCP.

8.

K.S.A. 2019 Supp. 22-4902(b)(7) defines "sex offender" as "any person who . . . has been convicted of an offense that is comparable to any crime defined in this subsection," which includes sexual battery as defined in K.S.A. 2019 Supp. 21-5505(a).

9.

The crime of sexual battery under the Uniform Public Offense Code adopted by the City of Shawnee is identical to K.S.A. 2019 Supp. 21-5505(a) and is therefore comparable.

10.

A municipal court judge is required to impose the registration requirement prescribed by KORA on a defendant convicted of sexual battery under the Uniform Public Offense Code. The same is true for a district court hearing an appeal from a

municipal court on such a charge. KORA itself imposes the duty to register on the offender, rather than the court's order.

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed July 31, 2020. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Jenny L. Smith*, assistant city attorney, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

WALKER, J.: Asnake Adem appeals from the order of the district court, hearing the appeal from the municipal court of the City of Shawnee (City), directing him to register as a sex offender under the Kansas Offender Registration Act (KORA) after his conviction for sexual battery under the City ordinance. Adem contends the sentence was illegal because the district court lacked jurisdiction to enter such a registration order. We disagree with Adem that the district court erred and affirm the order requiring him to register as a sex offender.

FACTS

On April 13, 2017, C.R. went to a Kansas City Royals baseball game with a few of her friends, and after the game went to Johnny Kaw's, a bar in the Westport area of Kansas City, Missouri. C.R. and her friend left Johnny Kaw's between 1-1:30 a.m. on April 14, and the two decided to split a taxi home.

Adem, the taxi driver, first dropped off C.R.'s friend at her home in Overland Park and then started to drive to Shawnee, where C.R. lived. During the drive, Adem pulled the car over and asked C.R. to move to the front seat. After she switched seats, Adem

3

resumed driving and asked C.R. a handful of times to go to a bar and have a drink with him, but she repeatedly told him she did not want to.

Adem pulled the car over again a short time later and embraced C.R. very tightly from the driver's seat. C.R. estimated the embrace lasted between 15 to 30 seconds and remembered feeling his prickly beard against her cheek. C.R. did not tell Adem no or push him away because her phone was dead, and she did not want to upset Adem. Adem continued driving C.R. home after the first embrace.

Adem subsequently started to rub C.R.'s forearm and thigh, which C.R. thought was sexual in nature. Around this time, C.R. changed her destination because the new location was closer and other people were going to be there. Before arriving at the new destination Adem pulled the car over and once again embraced C.R. C.R. arrived at her destination shortly after, and Adem embraced her for a third time in a similar manner.

C.R. went to the Shawnee Police Department after she woke up later that morning and provided a written statement of the events. On April 14, 2017, the City charged Adem with sexual battery in violation of Shawnee Municipal Code Sec. 9.01.010, 3.2.1. On April 18, 2018, Adem was found guilty of sexual battery in Shawnee Municipal Court and filed a notice of appeal to the District Court of Johnson County.

On April 8, 2019, a jury found Adem guilty of sexual battery. The district court sentenced Adem to serve 180 days in jail, then suspended the sentence and imposed 12 months of probation. Adem was also ordered to register as a sex offender pursuant to KORA.

Adem has timely appealed from the district court's directive that he register as a sex offender.

ANALYSIS

*Jurisdiction of this court*

At the outset, we must address the City's contention that this court lacks jurisdiction to review Adem's appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. 304 Kan. at 919.

The City argues that since registration under KORA is statutorily required and arises out of the conviction itself, the registration requirement is not part of a defendant's sentence. And because there has been no legal action against Adem for his registration, or lack thereof, the City contends there has not yet been a final judgment or order from the district court. Therefore, it believes the registration requirement is not yet ripe for appellate review because "the District Court did not order Defendant to register nor did the District Court enter a judgment against him, the Court merely provided Defendant with a Notice of Duty to Register."

In *State v. Marinelli*, 307 Kan. 768, 769, 415 P.3d 405 (2018), the Kansas Supreme Court addressed appellate court jurisdiction in a criminal defendant's direct appeal of his KORA registration responsibilities. Marinelli pled no contest to aggravated assault in district court, but, for unexplained reasons, the "Defendant's Acknowledgment of Rights and Entry of Plea" document indicated that he would not be subject to KORA registration. 307 Kan. at 770. However, he was told at the sentencing hearing that he had a duty to register under KORA. Marinelli filed a direct appeal, and his notice of appeal stated he was "challenging 'all adverse rulings of the court,' although only one aspect

[was] in question—the district court's alleged deviations from KORA's statutory procedures." 307 Kan. at 772.

Our Supreme Court resolved the jurisdictional issue before reaching the merits of the case. After a brief recitation of the legislative history and precedent involving the relationship between plea agreements and K.S.A. 22-3602, the court ultimately addressed two jurisdictional questions. "First, is there appellate jurisdiction over the challenged acts because Marinelli's registration orders are part of his criminal sentence? If not, can Marinelli nevertheless raise his KORA challenges in a direct appeal under K.S.A. 2017 Supp. 22-3602(a) because they do not relate to his judgment of conviction?" 307 Kan. at 779.

The Supreme Court concluded that the registration requirements were not a part of Marinelli's criminal sentence. 307 Kan. at 786. Before it arrived at this conclusion, though, the court noted that "the generalization that KORA obligations arise 'automatically by operation of law without court involvement,' as the [*State v.*] *Simmons*[, 50 Kan. App. 2d 448, 463, 329 P.3d 523 (2014),] panel and its progeny have repeatedly found, is wrong." 307 Kan. at 785. The court stated that "aspects of KORA appear self-executing, but others depend on a district court's exercise of discretion or judicial fact-finding." 307 Kan. at 784. The court then recognized different categories of KORA registration, including: when registration is "required by judicial decision"; "registration based on court factual findings"; "registration for otherwise non-KORA crimes by inclusion in a diversionary agreement, probation order, or juvenile sentencing order"; and a final category including "registration requirements that can be characterized as those based on the convicted offense." 307 Kan. at 784-85.

After it rejected jurisdiction on the basis that KORA registration was part of a criminal sentence, our Supreme Court considered whether K.S.A. 2017 Supp. 22-3602(a) authorized Marinelli's appeal. The court focused on the language of the first sentence of

6

K.S.A. 2017 Supp. 22-3602(a). Specifically, that "'an appeal . . . may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed.'" 307 Kan. at 787.

The court concluded that jurisdiction existed because the expansive language in the first sentence of the statute covered instances where registration is triggered due to a district court's specific finding, instances "when the registration obligation is imposed as an act of judicial discretion," and "even those instances when registration is based on the convicted offense." 307 Kan. at 787. The court also explained that allowing direct appeals on KORA issues promotes judicial economy and is consistent with K.S.A. 22-2103 because it allows a defendant to avoid duplicative steps, such as pursuing a K.S.A. 60-1507 motion or initiating separate litigation. 307 Kan. at 787-88.

Despite originating in municipal court, we conclude Adem's appeal fits within the jurisdictional parameters outlined in *Marinelli*. Similar to *Marinelli*, Adem's notice of appeal stated that he "appeals the conviction and all adverse rulings, including but not limited to, the registration requirement under the Kansas Offender Registration Act to the Court of Appeals to the State of Kansas." See 307 Kan. at 772. The fact that Adem was convicted by a jury as opposed to a plea does not disturb the rule pronounced in *Marinelli*. See *State v. Carter*, 311 Kan. 206, 209, 459 P.3d 186 (2020). Thus, we have jurisdiction to consider Adem's appeal.

*Applicability of KORA to municipal court convictions*

As his single issue on appeal, Adem contends that the district court erred in applying KORA to a municipal conviction. Adem argues that convictions stemming from violations of municipal ordinances do not require registration under KORA because they are outside the scope of the Kansas Code of Criminal Procedure (KCCP).

7

Whether KORA applies to municipal court convictions involves statutory interpretation, which is a question of law subject to unlimited review. *Marinelli*, 307 Kan. at 774.

The City asserts that Adem is required to register as a sex offender because the Shawnee Municipal Code uses the same definition for sexual battery as the state statute, and KORA registration is required for individuals convicted of sexual battery as defined by K.S.A. 2016 Supp. 21-5505(a). The City focuses on the specific language of the statute, arguing that if the Legislature did not want KORA to apply to municipal code violations, "the legislature would have indicated registration was required upon [those] convicted of sexual battery *pursuant* to K.S.A. [21]-5505(a), not as *defined* in it." Additionally, the City contends that the Legislature would have listed municipal code convictions in K.S.A. 2018 Supp. 22-4902(t)(1) if it did not intend for KORA to apply, because that is where other offenses that do not require registration are listed. After careful consideration of this point, we agree with the City's position.

The key question here is whether the KORA is an organic part of the KCCP, or is in fact an independent and self-contained section of our statutes. The scope of the KCCP is defined in K.S.A. 22-2102, which provides: "The provisions of this code shall govern proceedings in all criminal cases in the courts of the state of Kansas, but shall have application to proceedings in police and municipal courts only when specifically provided by law." There is no specific language in either the KCCP or the KORA which indicates a legislative intent that the KORA be treated functionally as a subset of the KCCP. Likewise, we have found nothing in our caselaw requiring that KORA be interpreted in such a fashion.

The Kansas Revisor of Statutes is directed by law to "prepare and publish Kansas Statutes Annotated." K.S.A. 46-1211(b). There is no other statutory guidance to the Revisor in performing this task. When new laws are enacted by our Legislature, as the

8

first iteration of KORA (originally known as the "Kansas Habitual Sex Offender Act") was in 1993, the Revisor assigns them to a chapter and article of the Kansas Statutes Annotated along with corresponding statute numbers. See L. 1993, ch. 253, § 17. If a new enactment amends an existing law or its language provides direction that it is to be incorporated into an existing named act, the placement within the statute book is obvious. But since we have been unable to locate any legislatively mandated methodology for classification of statutes, it is apparent that the Revisor utilizes broad editorial discretion as to the placement and numbering of new laws within Kansas Statutes Annotated.

It is clear to us that this is what happened with the original version of KORA. (The name was changed from the original 1993 version to the existing title when extensive broadening of the act beyond sex offenses occurred in 1997.) See 1997, ch. 181, § 7. The Revisor obviously concluded that since the subject matter of KORA (in its predecessor form) dealt with additional sanctions on certain criminal offenders which flowed directly from their convictions, it was logical to classify them with like items in Chapter 22 under the rubric "Kansas Code of Criminal Procedure." Obvious, also, is the fact that at that time the Revisor did not have the benefit of our Supreme Court's thinking in *State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017), *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016), and similar cases holding that the Legislature intended KORA to be a regulatory scheme that is civil and nonpunitive for all classes of offenders. *Huey*, 306 Kan. at 1009.

So it is that KORA has become an isolated outpost in its current location within our statute books—an island of civil law surrounded by a sea of criminal procedure. If there once was any doubt whether KORA is separate from the KCCP, we conclude that none should now exist. We hold that KORA acts in concert with, but is not a part of, either the KCCP in general or our sentencing statutes in particular. It is its own separate act with its own regulatory purposes despite its current home as Article 49 of Chapter 22 of Kansas Statutes Annotated.

The point that the KCCP cannot be read to fully embrace all the articles which have been lodged in Chapter 22 by the Revisor is buttressed by the fact that the very next section following the KORA, Article 50, contains enabling legislation for the "National Crime Prevention and Privacy Compact," which obviously serves a worthy, but totally independent, purpose from the KCCP.

Had Adem been convicted of sexual battery under K.S.A. 2016 Supp. 21-5505(a) in a district court, he clearly would have been subject to KORA under K.S.A 2018 Supp. 22-4902(b)(5), which specifically references the state sexual battery statute. But in his appeal Adem complains that there is no statute that specifically provides for KORA to apply to violations of municipal codes. This is absolutely correct, but we think his argument misses the point.

In K.S.A. 2018 Supp. 22-4902(b)(7), the KORA defines "sex offender" as "*any person* who . . . has been convicted of *an offense that is comparable to any crime defined in this subsection*, or any out-of-state conviction for an offense that under the laws of this state would be an offense defined in this subsection." (Emphases added.)

Thus, the clear language of this section requires the application of KORA to a "person" convicted of an "offense that is comparable," and by its terms neither includes nor excludes convictions in municipal court. In short, the type of court does not matter under this subsection; it is the comparability of the offense of conviction with the "crime defined" under state law in this section that is the key. And it is undisputed in this case that the elements of sexual battery under the Uniform Public Offense Code adopted by the City of Shawnee are identical to those of sexual battery under K.S.A. 2019 Supp. 21-5505(a).

The legislative intent here comes into even sharper focus when we consider the second clause of K.S.A. 2018 Supp. 22-4902(b)(7), which applies KORA to "*any* out-of-

state conviction for an offense that under the laws of this state would be an offense defined in this section." (Emphasis added.) If we were to adopt the rationale urged on us by Adem, i.e., that Kansas municipal court convictions of sexual battery should not trigger application of KORA, we could arrive at a potential result where a sexual battery conviction in Kansas City, Missouri, Municipal Court would trigger application of KORA, but Adem's sexual battery conviction in the City of Shawnee, just over a dozen miles and one state line away, would not. We cannot believe that our Legislature contemplated such an absurd result. In our opinion the "comparability" of the crime is the key, not the court nor the geography.

We note Adem's argument that the Legislature has specifically made other sections of the KCCP applicable to municipal court proceedings. See, e.g., K.S.A. 22-3404 (trials in municipal courts); K.S.A. 2019 Supp. 22-3609 (appeals from municipal courts). And in other contexts, the Legislature has also specifically included convictions for violations of municipal ordinances when defining offenses. See, e.g., K.S.A. 2019 Supp. 8-1567(i)(3)(B) (driving under the influence); K.S.A. 2019 Supp. 21-5111(i) (domestic violence); K.S.A. 2019 Supp. 21-6301(a)(18) (criminal use of weapons). But, once again, we think this focus on how the KCCP applies or does not apply to municipal court proceedings is irrelevant to the issue of KORA application to persons convicted in municipal court. Given our analysis that KORA is civil in nature and hence separate and apart from the KCCP, we assess this entire argument as moot. Consequently, it matters not at all that there is no legislative grant of authority in the KCCP for courts to order KORA registration.

As a procedural matter, appeals from municipal courts are tried de novo in the district court. K.S.A. 22-3610(a). In this case, as the law requires, the district court was hearing an appeal from the municipal court. The district court sentenced Adem and ordered him to register under KORA. Adem contends the court lacked authority to do so. And our appellate courts have held that "[i]f a municipal court has no authority to take a

11

particular action, neither does the district court on an appeal of this nature." *City of Gardner v. Barca*, No. 114,613, 2016 WL 5344133, at *2 (Kan. App. 2016) (unpublished opinion) (citing *City of Overland Park v. Estell & McDiffett*, 225 Kan. 599, 602-03, 592 P.2d 909 [1979]; *City of Dodge City v. Anderson*, 20 Kan. App. 2d 272, 274, 886 P.2d 901 [1994]).

Since we have concluded that KORA applies to convictions for sexual battery under municipal ordinances comparable to state law, as here, a municipal judge would be required to impose a registration requirement on Adem. Accordingly, the district judge hearing an appeal from a municipal court was required to impose the KORA registration requirement. But, we also note in passing, *Marinelli* teaches that "[KORA] itself imposes the duty to register upon [the offender], rather than the court's order. See K.S.A. 2017 Supp. 22-4903(a)." 307 Kan. at 790. Thus the registration duty for Adem would exist whether or not the district court ordered it.

Adem's arguments are without merit. The record demonstrates that the district judge did not err when he ordered Adem to register as a sex offender because of a violation of the City of Shawnee municipal ordinance prohibiting sexual battery.

Affirmed.