IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 118,543

STATE OF KANSAS,
*Appellee*,

v.

GIOVANNI M. JUAREZ, a/k/a GIOVANNI JUAREZ-HERNANDEZ,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court's failure to provide timely notice of a defendant's registration obligation under K.S.A. 2019 Supp. 22-4904(a)(1)(A) does not constitute a denial of procedural due process where the defendant fails to demonstrate prejudice.

2.

On the facts before us, the defendant has failed to demonstrate prejudice because he neither presented additional evidence nor asked for the opportunity to do so with respect to the district court's exercise of discretion, and because he remained incarcerated—and thus, had no responsibility to register yet—between the time when the district court should have provided him notice and the time it actually did so.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 11, 2019. Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed August 28, 2020. Judgment of the Court of Appeals affirming the district court on the sole issue on review is affirmed. Judgment of the district court is affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

1

*Meghan K. Morgan*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WILSON, J.: Giovanni M. Juarez, a/k/a Giovanni Juarez-Hernandez, was convicted and sentenced for aggravated battery. The district court also ordered him to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 2019 Supp. 22-4901 et seq. After addressing several issues on appeal, the Court of Appeals found no reversible error and affirmed the district court. This court granted review solely to consider whether the district court's notice to Juarez concerning his obligation to register violated his right to due process. To be clear, this court does not address Juarez' underlying conviction, sentence, or duty to register. Finding no violation of due process within this narrowly defined parameter, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

One day in May 2015, an incarcerated Juarez hit a guard in the face hard enough to break his eye socket. Thereafter, Juarez pled no contest to aggravated battery. See K.S.A. 2019 Supp. 21-5413(b)(2)(A). The district court accepted his plea and found him guilty of that crime but did not notify Juarez of an obligation to register under KORA. Nor did KORA itself provide notice of such an obligation, because Juarez' crime was not listed in K.S.A. 2019 Supp. 22-4902(e)(1) as a crime that automatically required registration.

Juarez remained incarcerated. Six weeks later, the district court sentenced Juarez and also informed him that he was required to register as a violent offender pursuant to KORA. As the district court said at the time:

2

"My reason for doing so includes the following: This defendant was ultimately deemed to be competent to stand trial and, therefore, capable of understanding complex court proceedings. He is, however, as is demonstrated through the course of action in this case, unable to control his emotions and is at risk of physical assault without advanced warning to others and in the absence of any type of trigger or provocation. The defendant is, therefore, a significant risk of threat or threat of reoccurrence of criminal behavior and, therefore, poses a significant risk to other persons.

"There has been no diagnosis or explanation offered for his behavior. The very limited opportunity that this statute gives me for a period of incarceration means that the opportunity for treatment is very much unclear. And even if it was clear that there would be any treatment for any supposed condition that might exist, it is the opinion of this Court that the relatively short period of treatment would not have a significant likelihood of any risk reduction due to that treatment and that any treatment opportunity or treatment effort would be minimal. In other words, treatment requires one thing, it requires the cooperation of the defendant. And there's been no indication on the part of this defendant of either prior to or during the course of this incident and this case that there has been any treatment sought or any treatment even available. In fact, there's no diagnosis that explains it.

"The purpose, at least in part, of the Kansas Offender Registration Act is to permit persons in this community and other communities to gather information about their neighbors, their associates, their associations with other individuals or persons in the community that might pose a risk of harm of some type. A person likely to strike out at others without provocation, trigger, or reason certainly is within the category of persons of which the public should be aware. Therefore, it is my opinion that the defendant should be required to register as a comparable offense under the Kansas Offender Registration Act."

Juarez objected to the lack of notice with respect to his obligation to register but neither offered evidence on the issue nor requested additional time to present such evidence. The district court overruled the objection, although it admitted that "[t]his is the

3

first time that I have ever made such a finding outside of the listed factors for the statute and that's why I gave my reason in the record."

Before concluding, the court continued the sentencing hearing for three weeks to address restitution. At that time, Juarez again objected to the lack of notice to register but again offered no evidence and asked for no additional time to present evidence. The court issued its ruling on restitution and Juarez' sentence became final.

Juarez then appealed. A panel of the Court of Appeals rejected his arguments and affirmed the district court's order. We granted review solely to consider whether the notice provided by the district court violated Juarez' right to due process.

DISCUSSION

Juarez argues the district court's failure to notify him of his registration obligation at the time of plea and conviction—as set out in K.S.A. 2019 Supp. 22-4904(a)(1)(A)—violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Eldridge*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 [1965]).

Because Juarez was not informed by the court of his duty to register until almost six weeks after his conviction, he argues he was denied adequate notice and a meaningful opportunity to be heard. This argument fails.

4

*Notice*

Assuming, without deciding, the validity of the conviction and the duty to register for the conviction, we hold that the notice provided Juarez was constitutionally sound. The "notice" requirement under KORA does not explicitly reference any mechanism by which an offender may contest the district court's pronouncement of a duty to register. Instead, K.S.A. 2019 Supp. 22-4904(a)(1)(A) merely requires the district court to "[i]nform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905, and amendments thereto" "[a]t the time of conviction or adjudication for an offense requiring registration as provided in K.S.A. 22-4902, and amendments thereto." Thus, the "notice" required, within the context of KORA, is the act of informing a defendant of the fact of his duty to register. And as we have previously observed, "No provision in KORA creates a consequence for the failure to inform a defendant at the appropriate time." *State v. Marinelli*, 307 Kan. 768, 790, 415 P.3d 405 (2018).

However, we also noted that an offender *could* be prejudiced by a district court's failure to provide notice of the duty to register if the offender's "only notice would come from the Act itself," but Juarez has not demonstrated prejudice. 307 Kan. at 791. In this case, during the six-week period Juarez admittedly did not know he would be required to register, he remained incarcerated. While he remained incarcerated, Juarez could not violate KORA because any responsibility to register for his conviction had not yet arisen. The notice of his duty gave him equal benefit at the time he received it as it would have given him if he had received the notice at the time of his conviction.

*Opportunity to Be Heard*

Again assuming, without deciding, the underlying validity of Juarez' conviction and duty to register—neither of which are before us—we further hold that Juarez was not

5

deprived of his opportunity to be heard. That opportunity was presented at both the first and second sentencing hearings.

The duty to register in this case arose—if at all—as an exercise of judicial discretion. See *State v. Thomas*, 307 Kan. 733, 748, 415 P.3d 430 (2018); K.S.A. 2019 Supp. 22-4902(a)(5). This is obvious, because Juarez' crime of conviction is not one specifically enumerated by K.S.A. 2019 Supp. 22-4902(e)(1) as giving rise to a duty to register without such judicial discretion.

That said, however, the discretion exercised does not itself require a separate hearing. K.S.A. 2019 Supp. 22-4904(a)(1)(A). The statute only requires the court to make certain specific findings on the record. This was done. Juarez' opportunity to be heard does not require a hearing before those findings are made. He had the opportunity to object, and he did. However, he did not present additional evidence or argument in an attempt to dissuade the court from its position, nor did he request additional time to do so. Admittedly, it remains questionable whether KORA even contemplates the presentation of such evidence or argument, but that issue is not before us.

Thus, it appears Juarez had the same opportunity to be heard on the district court's untimely registration order that he would have had if the district court had issued the order at the time of conviction. Accordingly, we find Juarez has not demonstrated a denial of a meaningful opportunity to be heard on the district court's registration order.

Again, we express no opinion on the underlying validity of the district court's registration order, and Juarez does not challenge the constitutionality of the KORA notice provision itself—just the timeliness of the notice provided by the district court. As we find that this untimely notice did not deny Juarez either constitutionally adequate notice

6

or a meaningful opportunity to be heard, we find no violation of his procedural due process rights.

Judgment of the Court of Appeals affirming the district court on the sole issue on review is affirmed. Judgment of the district court is affirmed.

MICHAEL E. WARD, Senior Judge, assigned.[1]

* * *

BILES, J., concurring: I concur in the result because my rationale differs from the plurality opinion's view. I believe *State v. Marinelli*, 307 Kan. 768, 415 P.3d 405 (2018), controls disposition.

Juarez correctly notes the law required the district court to notify him of his registration requirement at the time of conviction. K.S.A. 2019 Supp. 22-4904(a)(1)(A). And without question, the district court erred when it failed to do so, but that timing problem does not excuse his registration duties. No provision in the law creates a consequence for the failure to inform a defendant at the statutorily appropriate time. See 307 Kan. at 769, 790-91.

In this case, the court's authority to impose a registration requirement came from K.S.A. 2019 Supp. 22-4902(a)(5), which gives a district court discretion to impose registration on any person "for an offense not otherwise required as provided in the

---

[1]**REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 118,543 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.

Kansas offender registration act." The Act does not require a court to give advance notice of its intention to impose that discretionary registration requirement. It simply specifies when that notice is to be given, i.e., the time of conviction.

In *Marinelli*, we noted a possibility that "a failure to comply with the notice provision might disadvantage an offender whose only notice would come from the Act itself, but we prefer to address the effect of such failure when, and if, prejudice is presented." 307 Kan. at 791. This case does not present any prejudice. Juarez claims only that he did not know until sentencing that registration was being imposed, and because of that surprise he could not make as good of an argument against registration as he would have liked.

Juarez claims his circumstances amount to a due process violation, but the only prerequisite to the district court imposing registration under K.S.A. 22-4902(a)(5) is that the individual be convicted of an offense—something that indisputably occurred in his case. His personal interest is remaining free from the registration obligation, but he does not explain "'the risk of an *erroneous* deprivation of such interest through the procedures used, [or] the probable value, if any, of additional or substitute procedural safeguards'" in preventing an erroneous deprivation. *State v. Heironimus*, 262 Kan. 796, 803, 941 P.2d 1356 (1997) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 [1976]).

Nevertheless, the fact remains he was afforded an opportunity to argue against registration at sentencing, and he had another opportunity to do so at the restitution hearing several weeks later. He did not request a continuance, nor did he move to withdraw his plea. Based on *Marinelli*, I would simply hold the district court's timing error does not excuse the registration obligation.

8

For these reasons, I concur in the result.

* * *

STEGALL, J., concurring: Today's plurality opinion concludes by saying "we express no opinion on the underlying validity of the district court's registration order." Slip op. at 7. But the court's opinion is premised on the assumption that it is valid. While I concur with the conclusion that Juarez' due process rights were not violated, I do so precisely because the district court's registration order was not valid. That is, the lower court's failure to give notice of a registration obligation at the time of Juarez' conviction conclusively demonstrates that Juarez is not an "offender" required to register under the Kansas Offender Registration Act (KORA).

Indeed, the "failure" to give notice was not a failure or error at all. Rather, it meant that as a matter of law, Juarez was not required to register. Juarez was not prejudiced by what didn't happen when he was convicted—quite the contrary—he benefitted from it. Given this, I concur with the result the plurality opinion reaches, albeit for very different reasons.

Juarez was convicted on July 14, 2017. It was not until six weeks later, on August 22, 2017, that the district court purported to make the necessary factual findings and ordered Juarez to register as a violent offender under KORA. But by then it was too late. Under KORA and our caselaw interpreting that statute, after conviction, the district court had lost its opportunity to create the necessary preconditions for any registration obligation to spring into existence.

In other words, as we have said previously, the duty to register is a "springing duty" that arises by operation of law based on statutorily prescribed conditions precedent. *State v. Thomas*, 307 Kan. 733, 748-49, 415 P.3d 430 (2018) ("KORA creates a

9

'springing' obligation—that is, the duty to register under KORA springs into existence by operation of law. When the statutorily described conditions precedent do not exist, there is and can be no duty to register.").

In *Thomas*, we discussed three statutorily defined conditions—one of which must exist—for an obligation to register to arise:

"(1) the mere fact of a conviction classifies the defendant as an 'offender'; (2) the fact of a conviction plus some statutorily permitted judicial fact-finding classifies the defendant as an 'offender'; or (3) a judicial order determines, through the exercise of judicial discretion, that the defendant should be considered an 'offender'—KORA creates a 'springing' obligation—that is, the duty to register under KORA springs into existence by operation of law. When the statutorily described conditions precedent do not exist, there is and can be no duty to register." 307 Kan. at 748-49.

When judicial fact-finding is required under either the second or third possibility, "that fact-finding is itself one of the statutorily defined conditions precedent. Without such a fact-finding, the defendant cannot be an offender under KORA, and the obligation to register never springs into existence." 307 Kan. at 749. In *Thomas*, we were asked to consider whether the State could obtain a remand in order for the lower court to make such fact-findings. But we ruled that once "the opportunity to generate the necessary conditions precedent to trigger a springing duty to register is extinguished" the "failure to make [the necessary findings] cannot be characterized" as an "error" and the State will not get a "second bite at the registration apple"—there are no do-overs under KORA. 307 Kan. at 749.

In *Thomas*, we did not reach the precise question at issue here because it was not presented. In *Thomas*, the defendant had already been sentenced and we held that at that point, the district court had lost its opportunity to make the necessary fact-findings to

10

render Thomas an "offender" required to register under KORA. 307 Kan. at 749. Today's case asks whether a district court loses that opportunity after conviction. In my view, it does.

The entire scheme of KORA is intended to establish a springing obligation to register that arises as an operation of law *upon certain classes of convictions*. It is the *conviction* that matters as far as KORA is concerned. So much so that any offender required to register under KORA is required to do so effectively upon conviction. *State v. Marinelli*, 307 Kan. 768, 786-87, 415 P.3d 405 (2018); see K.S.A. 2019 Supp. 22-4902(a)(1)(B). If an offender has an obligation to register upon his or her conviction, that offender must comply with KORA even before being sentenced on the underlying crime. See K.S.A. 2019 Supp. 22-4904(a)(1)(A), (B) (requiring courts to order offenders released after conviction to report within three business days to the registering law enforcement agency after receiving the duty to register).

Once this scheme is brought clearly into focus, the requirement that the court must inform any offender of the procedure and requirement to register "[a]t the time of conviction or adjudication for an offense requiring registration" makes perfect sense. K.S.A. 2019 Supp. 22-4904(a)(1)(A). As we pointed out in *Thomas*, this language is distinguishable from previous versions of the statute which directed courts to inform offenders of their duty to register "at the 'time of sentencing or disposition.'" 307 Kan. at 746 (quoting L. 2012, ch. 149, § 3).

Hence, when the necessary fact-finding is not made by a district court at the time of conviction—and the notice that goes along with it is not given—the defendant does not actually have a due process complaint. No process has been denied because the defendant is not an offender required to register under KORA. There has been no "error" at all. Far

11

from being prejudiced by what happened at the time of conviction, Juarez benefitted from the district court's decision at that time to not make any registration findings.

Certainly it is true that Juarez is burdened with a postconviction order purporting to make necessary fact-findings and order Juarez to register. But as we have insisted, the obligation to register arises by operation of law out of KORA—*not* out of judicial orders. 307 Kan. at 748-49. At sentencing, the district court simply did not have the authority to do what it did in this case. Therefore, I concur that Juarez' due process rights were not violated.

* * *

ROSEN, J., dissenting: I respectfully dissent from the plurality opinion's conclusion that the district court's failure to provide notice of a registration requirement at the time of Juarez' conviction did not violate his due process rights. After being informed by the court of the legal consequences, Juarez pled no contest to aggravated battery without any knowledge that he would be subject to a 15-year registration requirement under KORA. Not only that, he was not offered the opportunity to withdraw his plea or even to meaningfully present a case against the imposition of the discretionary requirement. Under these facts, I would find Juarez' due process rights were violated.

The first hurdle a litigant faces when bringing a due process claim is showing the claim involves a protected liberty or property interest. *Villa v. Kansas Health Policy Auth.*, 296 Kan. 315, 331, 291 P.3d 1056 (2013). Juarez argues that the process he received affected his decision to plead no contest to a crime or to withdraw that plea and left him unprepared to argue against registration requirements. Both convictions and registration requirements undoubtedly affect an offender's liberty as well as her or his

12

finances. See, e.g., K.S.A. 2019 Supp. 22-4905 (listing ongoing fees and duties required of registered offenders). Thus, Juarez easily clears this hurdle.

When a protected interest is involved, due process requires, at minimum, "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State v. Scales*, 261 Kan. 734, 739, 933 P.2d 737 (1997). To comport with the notice requirement, "guilty pleas and their resulting waiver of rights 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *State v. Edgar*, 281 Kan. 30, 36-37, 127 P.3d 986 (2006). K.S.A. 2019 Supp. 22-3210(a)(2) codifies these demands, providing that a plea of guilty or nolo contendere may be accepted in felony cases only when "the court has informed the defendant of the consequences of the plea . . . ." *State v. Moody*, 282 Kan. 181, 194, 144 P.3d 612 (2006).

Juarez was not afforded this protection. Although KORA requires district courts to "[i]nform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905" at the time of conviction, the district court undisputedly failed to fulfill this duty. K.S.A. 2019 Supp. 22-4904(a)(1)(A). When Juarez entered a plea of nolo contendere, he was unaware that it would come with the consequence of a 15-year registration period. I stand by my position that KORA is punitive in effect, see *Doe v. Thompson*, 304 Kan. 291, 328, 373 P.3d 750 (2016), *overruled by State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016), and, consequently, believe it was a "consequence" of a Juarez' plea. Due process required Juarez be afforded notice of this consequence before he decided to forgo a defense.

The district court's failure to provide notice also presents other problems. While due process is flexible, it requires, at a minimum, the opportunity to be heard at a meaningful time and in a meaningful manner. *Matter of Ellison*, 305 Kan. 519, 526, 385

13

P.3d 15 (2016). At the sentencing hearing, defense counsel was presented with a "Notice of Duty to Register" form. That was the first time Juarez, his defense counsel, or even the prosecutor learned of the court's intent to impose a registration requirement on Juarez. This left Juarez and his counsel totally ill-prepared to argue against the imposition of the requirement, let alone present any kind of evidence. The district court then relied on the lack of an explanation for Juarez' behavior to support its decision to impose the registration requirement, even though the court never gave Juarez the opportunity to present such an explanation. While Juarez had been evaluated to determine his competency to stand trial, these evaluations would not have focused on possible explanations for his behavior or his amenability to treatment. Yet, these are the exact factors the court relied on in ordering Juarez to register.

In an attempt to show that any error was harmless, as required when a party benefits from a constitutional error, the State argues that Juarez suffered no prejudice because he had an opportunity to address the registration requirement during the sentencing hearing. But due process does not require merely an opportunity to be heard—it requires a meaningful opportunity.

The Court of Appeals relied on *State v. Marinelli*, 307 Kan. 768, 790-91, 415 P.3d 405 (2018), in dismissing Juarez' due process claim. In *Marinelli*, this court held the district court's failure to inform the defendant on the record at the time of conviction about the procedure to register and the requirements of KORA did not prejudice the defendant and thus did not excuse his obligation to register. 307 Kan. at 791. But *Marinelli* is distinguishable.

Marinelli pleaded no contest to aggravated assault with a deadly weapon. KORA's definition of "violent offender" includes any defendant convicted of a person felony when the district court makes a finding on the record that the defendant committed the felony

using a deadly weapon. K.S.A. 2019 Supp. 22-4902(e)(2). While Marinelli's crime of conviction did not automatically qualify him as a violent offender, the Act would have provided notice that the district court might make the requisite fact-finding and require registration.

This is not so in Juarez' case. Juarez pleaded no contest to aggravated battery. Aggravated battery is not included in the list of offenses that automatically qualify a defendant as a "violent offender" under KORA. Instead, the district court used its discretion to order registration under K.S.A. 2019 Supp. 22-4902(a)(5), which defines an offender as "any person required by court order to register for an offense not otherwise required as provided in the Kansas offender registration act." I am reluctant to read this provision as providing notice to *any* person convicted of *any* crime that the district court may, in its discretion, require him or her to register. And, Juarez had no other notice at the time that he pleaded that the court would later impose KORA's onerous registration requirements on him.

*Marinelli* also differs from the present case in another crucial way. In *Marinelli*, the district court offered Marinelli the opportunity to withdraw his plea after he learned about the registration requirements at sentencing. This court relied on the district court's offer to conclude Marinelli was not prejudiced by the untimely registration notice. 307 Kan. at 791. But this court also recognized that in some circumstances "a failure to comply with the notice provision might disadvantage an offender whose only notice would come from the Act itself." 307 Kan. at 791.

In contrast to *Marinelli*, the district court here did not offer Juarez the opportunity to withdraw his plea. And, Juarez' case presents an even more extreme circumstance than the one envisioned by the *Marinelli* court. Not only did the district court not notify Juarez

at the time he entered his plea that he would be required to register, the Act itself did not notify him, either.

Critically, had Juarez learned at the time of his conviction that he would be subject to KORA's registration requirements, he could have moved to withdraw his plea, and he would have only needed to demonstrate good cause. See K.S.A. 2019 Supp. 22-3210(d)(1). But Juarez learned this information after the district court sentenced him to 43 months of prison time and 24 months of postrelease supervision. Consequently, Juarez may have only been able to withdraw his plea if he was able to demonstrate manifest injustice. See K.S.A. 2019 Supp. 22-3210(d)(2) (defendant may withdraw plea "after sentence" upon showing of manifest injustice); see also *State v. Aguilar*, 290 Kan. 506, 512, 231 P.3d 563 (2010) (manifest injustice standard after sentencing is "sensible" because "the longer a defendant waits to file a plea withdrawal motion, the more the State's case is likely to weaken").

This is a higher standard than the good cause standard applied to motions to withdraw plea before sentencing. *State v. Denmark-Wagner*, 292 Kan. 870, 876, 258 P.3d 960 (2011).

The plurality opinion affirms the Court of Appeals decision after concluding that Juarez suffered no harm from the court's failure to inform him of his duty to register at the appropriate time. But, it focuses only on whether this failure caused Juarez to violate the registration requirements. It pays no attention to how it may have affected Juarez' plea or how high a hurdle he would face in moving to withdraw a plea. The plurality opinion also dismisses the lack of any meaningful opportunity to be heard by noting KORA does not require the district court to hold a hearing when it imposes a discretionary registration requirement. But, KORA requirements are not synonymous with due process

16

requirements. Regardless of whether KORA itself requires a separate hearing on this matter, I would find the court's actions here did not comport with due process.

Here, Juarez was allowed to plead no contest to a crime while completely unaware that the court would later require him to register under KORA for 15 years, and he was never offered the opportunity to withdraw that plea. The district court sprung a discretionary 15-year registration requirement on Juarez at his sentencing hearing—six weeks after he entered a plea of nolo contendere—without the statutorily mandated notice and without any meaningful opportunity to argue against such a requirement. Neither Juarez nor his counsel had any idea the court would be imposing a discretionary registration requirement at the sentencing hearing. And given the novelty of this issue, I would not punish Juarez for his counsel's failure to request a continuance or to attempt to present evidence at the second hearing on restitution. This violated Juarez' right to due process, and I am not persuaded that the district court's failure to notify Juarez was harmless. See *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, *reh. denied* 386 U.S. 987 [1967]) (the party benefitting from constitutional error has burden to show there is no reasonable possibility the error affected the outcome of the proceeding).

BEIER, J., joins the foregoing dissenting opinion.