NOT DESIGNATED FOR PUBLICATION

No. 122,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR P. STUART,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 5, 2021. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Taylor P. Stuart appeals the Reno County District Court's order requiring Stuart to register as a violent offender under the Kansas Offender Registration Act (KORA). Stuart contends the district court failed to make an adequate finding on the record that he committed aggravated battery with a deadly weapon. We affirm.


FACTUAL AND PROCEDURAL BACKGROUND

The nature of the issues presented on appeal do not require this court to recite the facts underlying Stuart's conviction in painstaking detail. During the early morning hours

1

of March 27, 2018, Stuart stabbed Daniel Gerard Rivera II nine times in the head and neck.

Based on the circumstances surrounding the stabbing, the State originally charged Stuart with attempted intentional second-degree murder of Rivera. An aggravated assault charge relating to the same incident was later dismissed.

The parties negotiated a plea agreement. Stuart agreed to enter a guilty or no-contest plea to an amended charge of aggravated battery. In exchange, the parties would jointly recommend a prison term of 72 months. This sentencing recommendation reflected the belief that Stuart possessed a criminal history score of B. The district court accepted Stuart's no-contest plea based on the State's recitation of facts that closely resembled Rivera's preliminary examination testimony. The district court made no findings regarding Stuart's use of a deadly weapon for purposes of KORA at the plea hearing.

On January 3, 2020, the district court sentenced Stuart. The parties concurred with the presentence investigation report's finding that Stuart possessed a criminal history score of D. In presenting its sentencing recommendations, the State sought a judicial determination requiring Stuart to register as a violent offender under KORA. The district court ordered Stuart to serve 66 months in prison, which was a presumptive sentence within the applicable grid box. The court ordered Stuart to pay $6,346.20 in restitution and $193 in court costs but waived all other costs and fees.

At the end of the hearing, the district court asked the parties if the court needed to consider anything else. The State questioned whether Stuart had been advised about registering under KORA at a different hearing. The court replied, "I'm not sure if that was done or not. But since he's in custody the sheriff will see that it's done." The district court

later filed its journal entry of sentencing, requiring Stuart to register as a violent offender because of his use of a deadly weapon in the commission of the aggravated battery.

Stuart has timely appealed from sentencing.

ANALYSIS

*The district court did not fail to make an adequate finding that Stuart used a deadly weapon in the commission of aggravated battery.*

On appeal, Stuart challenges the district court's order requiring him to register under KORA as a violent offender on two grounds. First, he contends the district court failed to make adequate findings that he used a deadly weapon. Second, he argues that KORA is punitive and warrants procedural protections available to criminal proceedings.

K.S.A. 2020 Supp. 22-4904(a)(1)(A) requires the district court to "[i]nform an offender, on the record, of the procedure to register and the requirements of" K.S.A. 2020 Supp. 22-4905 "[a]t the time of conviction or adjudication for an offense requiring registration as provided in K.S.A. 22-4902, and amendments thereto." If a district court fails to comply with the notification requirements, the defendant need not register; an appellate court will not remand the case for the district court to correct the omission of requisite findings. See *State v. Thomas*, 307 Kan. 733, 749-50, 415 P.3d 430 (2018) (refusing to remand a case for KORA findings after the district court lost jurisdiction on direct appeal).

As K.S.A. 2020 Supp. 22-4904(a)(1)(A) has been interpreted by the Kansas Supreme Court, however, the notice requirement is limited to "informing a defendant of the fact of his duty to register." *State v. Juarez*, 312 Kan. 22, 25, 470 P.3d 1271(2020); see also *State v. Marinelli*, 307 Kan. 768, 790-91, 415 P.3d 405 (2018) (no consequence

3

for district court's failure to inform defendant of KORA obligations at the statutorily appropriate time).

A criminal defendant comes under the auspices of KORA if one or more of three statutorily defined conditions are satisfied: (1) The conviction of certain enumerated convictions classifies the defendant as an offender; (2) the existence of a conviction plus a judicial finding authorized by statute classifies the defendant as an offender; and (3) the court exercises its discretion to issue an order determining the defendant to be an offender. *Thomas*, 307 Kan. at 748-49; *Marinelli*, 307 Kan. at 783-85.

The district court ordered Stuart to register as a violent offender because he had been convicted of a person felony and had used a deadly weapon in the commission of the offense. See K.S.A. 2020 Supp. 22-4902(e)(2). The district court did not order registration at the plea hearing or at the sentencing hearing. The only reference to the conviction of a person felony and the use of a deadly weapon appeared in the journal entry of sentencing.

The State contends that the district court's ambiguous statement at the close of the hearing—"since [Stuart is] in custody the sheriff will see that it's done"—constitutes a finding that Stuart was required to register. Even if the court accepts this dubious proposition, the district court's finding requiring Stuart to register under KORA is insufficient to comply with K.S.A. 2020 Supp. 22-4902(e)(2) because the findings do not specifically address Stuart's use of a deadly weapon. If the district court's order requiring registration is to be upheld, the findings made in the journal entry are the only possible basis to satisfy the requirements of the statute. Stuart contends that this court should not consider those findings because they do not reflect what occurred at the sentencing hearing.

Under similar facts, the Kansas Supreme Court recently held that findings in a written journal entry sufficiently comply with the notice and fact-finding requirements of KORA. *State v. Carter*, 311 Kan. 206, 211, 459 P.3d 186 (2020) ("In the absence of any other argument from Carter to the contrary, we hold that the journal entry included in the record of this case shows the district judge made the necessary finding under K.S.A. 2019 Supp. 22-4902[e][2]."). In reaching this conclusion, the Kansas Supreme Court specifically rejected the argument that discrepancies between the sentencing hearing transcript and the sentencing journal entry must be resolved based on the transcript because KORA determinations are not part of the criminal sentence. See *Carter*, 311 Kan. at 210 ("Although Carter might have asserted that a sentence pronounced from the bench typically controls over a differing journal entry, see *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007), that rule is not applicable here because of the majority holding in *Thomas* that registration is not part of a defendant's sentence.").

Stuart first argues that this reasoning in *Carter* is invalid because KORA is punitive and that its registration requirements should be considered part of criminal sentencing. Stuart advocates the adoption of the reasoning of the dissenting opinion in *Carter* and the reasoning of *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), which was immediately overruled by *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). Stuart nevertheless recognizes that this court cannot overrule the Kansas Supreme Court. See *State v. Vrabel*, 301 Kan. 797, 809, 347 P.3d 201 (2015) (Kansas Court of Appeals bound by Kansas Supreme Court precedent). Given the recency of the *Carter* decision, this court has no basis to conclude that the Kansas Supreme Court intends to depart from this precedent. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014) ("[T]he Court of Appeals panel was duty bound to follow this court's precedent absent some indication that this court intended to depart from its prior position.").

As an alternative argument, Stuart seeks to distinguish *Carter* because the issue he raises was not fully litigated in that case. In trying to more fully address the argument

rejected in *Carter*, Stuart notes that KORA is imposed in criminal proceedings, which are governed by K.S.A. 2020 Supp. 22-3424(a) ("The judgment shall be rendered and sentence imposed in open court."). However, the Kansas Supreme Court has held that not all provisions of a judgment in a criminal proceeding are part of a criminal sentencing and therefore do not need to be announced in open court. See *State v. Phillips*, 289 Kan. 28, 29-30, 210 P.3d 93 (2009) (rejecting argument that a district court cannot impose fees and costs in the journal entry when the imposition of those fees and costs were not announced in open court at sentencing).

In *Phillips*, the Kansas Supreme Court recognized an ambiguity in the language of K.S.A. 2008 Supp. 22-3424(a), but the court declined to resolve the ambiguity in that case because another statute supported the imposition of fees and costs outside a proceeding in open court.

"There is ambiguity relating to whether the legislature intended to refer to 'judgment' and 'sentence' as separate concepts or whether the reference is to a single concept where judgment and sentence are the same. In [*State v.*] *Royse*, 252 Kan. [394,] 397, [845 P.2d 44 (1993),] this court stated that '[o]rdinarily, in a legal sense, "sentence" is synonymous with "judgment" and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted.' This conclusion is further supported by the allocution statute, K.S.A. 22-3422 . . . .

. . . .

"This statute has been interpreted to apply to the sentencing proceeding. See, *e.g.*, *State v. Valladarez*, 288 Kan. 671, 206 P.3d 879 (2009). Nevertheless, a different reading could be given in light of K.S.A. 2008 Supp. 22-3426(a) because it differentiates between the judgment and the sentence by separating the two terms with a disjunctive and by placing them separately in a series of items to be recorded in a journal entry, stating in part: 'When judgment is rendered or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court,

6

reflecting, if applicable, conviction or other *judgment*, the *sentence* if imposed, and the commitment.'

"We need not resolve this ambiguity, however, because the fees at issue are costs, and K.S.A. 22-3803 specifically addresses the manner in which costs are to be assessed . . . ." *Phillips*, 289 Kan. at 39-40.

The language of K.S.A. 2020 Supp. 22-4902(e)(2)—"the court makes a finding on the record"—tends to support the notion that the Kansas Legislature intended the court to make its findings in open court, but that conclusion is not inevitable. See Kansas Supreme Court Rule 3.02 (2020 Kan. S. Ct. R. 20) (defining the contents of the record on appeal in a criminal case to include the journal entry of judgment). The ambiguity inherent in K.S.A. 22-3424(a) recognized in *Phillips* does not assist Stuart in his attempts to convince this court that the Kansas Supreme Court would have reached a different conclusion in *Carter* if it had been presented with the language of K.S.A. 2020 Supp. 22-3424(a). Stuart has not successfully distinguished the binding authority of *Carter*.

Stuart also tries to argue that KORA must be considered part of a criminal proceeding based on the inclusion of KORA within the Kansas Code of Criminal Procedure. In *City of Shawnee v. Adem*, 58 Kan. App. 2d 560, 472 P.3d 123 (2020), *rev. granted* 312 Kan. ___ (November 20, 2020), the parties asked this court to decide whether KORA applied to municipal convictions that otherwise met the definitional criteria for offender registration under KORA. The defendant contended that KORA did not apply because K.S.A. 22-2102 provided that the Kansas Code of Criminal Procedure did not apply to municipal court proceedings unless specifically provided by law. In rejecting the defendant's argument, this court concluded that the language of the Code of Criminal Procedure and KORA did not support a conclusion that the Legislature intended KORA to be a subset of the Code of Criminal Procedure. The court specifically rejected the notion that KORA was part of the Code of Criminal Procedure merely because the Revisor of Statutes included KORA in Chapter 22. 58 Kan. App. 2d at 566-67.

*Adem* is not precedential authority because the Kansas Supreme Court has granted review. See Kansas Supreme Court Rule 8.03(k)(2) (2020 Kan. S. Ct. R. 59) ("If a petition for review is granted, the Court of Appeals decision has no force or effect, and the mandate will not issue until disposition of the appeal on review."). The reasoning behind the opinion, however, may be adopted by this court. KORA's inclusion within Chapter 22 does not necessarily make KORA a criminal statute. Rather, despite its physical location within the Kansas Statutes Annotated, the Kansas Supreme Court has repeatedly characterized KORA as a civil regulatory scheme. See *Carter*, 311 Kan. at 210; *State v. Perez-Medina*, 310 Kan. 525, 539-40, 448 P.3d 446 (2019); *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017).

The district court's order requiring Stuart to register as a violent offender under KORA is affirmed.